Parker, C. J.
[After stating the policy, and the facts at the trial.] The defendant insists, that he is not liable, because the return cargo was not the proceeds of the merchandise insured.
We cannot give so narrow and confined a construction to the policy. The intention of the parties was unquestionably to have insured $ 11,000, on property on board the vessel out and home, and the premium was taken with that view. It is difficult to imagine how the underwriter can suppose, that, whether the return cargo was procured by the sale or exchange of the outward cargo, or by a deposit of the outward cargo and a credit raised * upon [ * 74] it, any difference as to his liability can exist. Indeed, in a liberal sense of the words of the memorandum attached to the policy, the return cargo was truly the proceeds of the outward ; for, without the latter, the former would not probably have been procured ; and the consignment to Cramer Brothers must be viewed as a deposit of the cargo in their hands, with liberty to sell it, and reimburse them selves for the money advanced upon the credit of this deposit.
No suggestion has been made of any difference in the risk, or of any inconvenience to the defendant, by reason of the purchase of a return cargo before the outward one was sold ; and it would be extremely unjust that the plaintiffs should have been compelled to keep their ship at Cronstadt, until a favorable change in the market should occur ; or to sell their merchandise at a loss, in order to save their indemnity under the policy upon the homeward voyage.
On this point we are very clear; the memorandum meaning nothing more, in our apprehension, than that the underwriter took the risk home of any property which might be substituted for that which was carried out ; in order to avoid the inference, which might have been drawn (however absurdly) from the specification of the articles, that the insurance was upon those articles only, homeward as well as outward.†
*72 A question somewhat more difficult arises upon the rejection, by the judge at the trial, of evidence, offered by the defendant, that the return cargo was of less value than the sum insured ; and upon his direction to the jury, that the policy was a valued one upon the return cargo.
Upon full consideration, however, we are of opinion that the direction was right, and that the evidence offered was rightly rejected.
The valuation in the policy must be intended to apply as well to the proceeds of the property insured, as to the property itself. For, considering the memorandum only as an explanation of [*75] the meaning of the parties in the policy, that * the risk was to be taken home as well as out, about which doubts might have existed on account of the specification of the articles insured ; the policy and memorandum, taken together, must be read and understood as if the words were an insurance “ upon 100 bales of cotton, valued at $ 94 each, and upon 25 tons, of logwood, valued at $ 80 per ton, and upon the proceeds of the same, at and from Portsmouth, &c., to a port or ports in Europe, &c., and at and from thence to the port of discharge in the United States.” And, upon such a reading, there could be no doubt the valuation would apply as well to the proceeds as to the merchandise specified. For, although the cotton is valued by the bale, and the logwood by the ton, it is the same thing as if both those articles had been valued in the aggregate, namely, at $ 11,400, which turns out to be the value of the whole, according to the estimate of the parties. No other construction can be given to this unusual mode of valuation; for the bales are all taken to be of the same value individually, and no difference can be suggested between calling eight tons of logwood at $2000, or at $ 25 per ton.
Considering this, then, a valued policy out and home, the evidence offered by the defendant at the trial was certainly immaterial ; for he only offered to show that the return cargo was of less value than the sum insured, without intimating that it was so much less as to raise a presumption of fraud, or that less property was received on board than was inteuded for the return cargo ; leaving it fairly to be inferred that the difference was applicable only to the price of the proceeds, which ought not to operate against the stipulation of the parties as to the value.
It is laid down by Marshall,(1) that, where there is an actual interest in the assured in a valued policy, the value shall not be questioned upon a total loss ; unless the valuation was a mere cover for a *73 wager policy, or unless it was so grossly enhanced as to raise a presumption of fraud.†
* In a late case (2) it has, however, been settled, that, [* 76] even in a valued policy upon freight, when, by reason of accident, the cargo was not received, from which the freight was to accrue, evidence is admissible to show the actual amount of freight at risk ; and this doctrine may be more reasonably applied to an insurance upon cargo. For, if for want of funds, or other cause, there is a failure to procure a cargo, there seems to be no reason why the assured should recover beyond what he had at risk. And it would certainly be giving a new character to the contract of insurance, to admit that the valuation of a cargo should bind the underwriter, when it might appear that not one half the goods, upon which the valuation was made, were on board the vessel. Suppose, for instance, a policy on cargo generally, valued at $ 10,000, insured the round voyage, and it should have been deemed for the interest of the owner, from the state of the market abroad, to store a great part of his outward cargo, and that the ship should return with the proceeds of one half or a third part of it; now, if the ship were lost, the owners of the cargo can lose nothing but what was on board, the residue being safe abroad ; and, if it were permitted him to recover as for a loss of his cargo, the amount of which was fixed by the valuation, he would gain, by a contract intended for indemnity, the price of the thing insured, and still retain the thing itself.
The valuation in the policy merely fixes the price of the whole subject-matter of the insurance ; but does not amount to an admission that the property, on which that valuation was made, was at risk on board the vessel.
But, in the case before us, the evidence offered and rejected seems to be predicated upon the admission of a return cargo actually on board, intended as the substitute of the outward cargo, only being less in value than was estimated in the policy. This cannot be open to dispute, without violating the agreement of the parties, and aboi ishing all distinction between open and valued policies ; a distinction which * mercantile usage, for a long course of [* 77] years, proves to be convenient.
But we are not entirely satisfied, that something more was not intended to be proved than appears by the literal expression in the report. This states, that the defendant offered to prove that the return cargo was worth less than the valuation in the policy. This was properly rejected, if this was all the purport and effect of the *74 evidence offered. But, if it was intended and expected to show, either by direct evidence or from the great difference between the actual and estimated value, that the property was not returned, which, in point of value, might fairly be considered as the proceeds or the return of the property insured as the outward cargo, we think evidence to that effect admissible, to prevent ffe assured from recovering, in the form of indemnity, beyond what he actually and bona fide had at risk.
As the report stands, however, a new trial ought not to be granted Yet, if, during the term, it should satisfactorily be made to appear that the property insured was not actually at risk, a new trial w.:ll be granted, unless the parties should agree as to the amount of the loss.
It will be understood, that a mere difference in value of the return cargo, provided it can be fairly made to appear that property enough was on board to entitle it to be considered as the whole proceeds of the outward cargo, or as not grossly overvalued in the policy, will not be sufficient to disturb the verdict. But we cannot agree, that, if it should appear that a much less amount of property was shipped than was contemplated as the subject of the insurance, the defendant should be holden to pay for what was never at risk.
JV\ B. On the last day of the term, the defendant’s counsel produced evidence to the Court, to prove that the proceeds of the outward cargo were not shipped on the return voyage, which evidence was unsatisfactory, and thereupon the Court ordered an entry of

Judgment according to the verdict.

 Whitney vs. American Ins. Co., 3 Cowen, 210. — Dow vs. Hope Ins. Co., 1 Hall, Rep. 166.

 Marsh, on Ins. 202.

 Hemmenway vs. Eaton, 13 Mass. Rep. 188. — Coolidge & al. vs. Gloucester M. Ins Co, 15 Mass. Rep. 341. — Walcott & al. vs. Eagle Ins. Co., 4 Pick. 409.

 Forbes vs. Aspinwall, 13 East, 325.