M. B. MARCUM, Appellant, v. W. C. SMITH, Respondent.

### Kansas City Court of Appeals, May 23, 1887.

PRACTICE—PLEADING—PETITION ON AGREEMENT UPON ONE CONSIDERATION AND EVIDENCE ON ANOTHER.—Where the *petition* states an agreement upon one consideration, and the *evidence* shows it to be upon a different and distinct one, and the two agreements were not the same, and there was no offer to amend. *Held,* that the evidence did not sustain the petition.

APPEAL from Macon Circuit Court, HON. ANDREW ELLISON, Judge.

*Affirmed.*

The case and facts are stated in the opinion.

I. H. KEMP and L. H. WATERS, for the appellant.

I.   The court erred in *sustaining a demurrer* to the *evidence.* "A demurrer to the evidence admits everything which the *evidence conduces to prove,* though but in a slight degree." *Wilson v. Board of Education,* 63 Mo. 137. And the court is required to *make every inference of fact* in favor of the party offering the evidence in passing upon such demurrer. *Buesching v. Gas Light Co.,* 73 Mo. 219.

II.   If there is any evidence tending to prove the issue of fact, the case must go to the jury. *Woods v.*

*Ins. Co.*, 50 Mo. 112; *Holliday v. Jones*, 59 Mo. 482; *Grady v. Ins. Co.*, 60 Mo. 116.

No brief for the respondent.

ELLISON, J.—This cause went off on a demurrer to the testimony. Plaintiff appeals.

The action is for the conversion of money and property, which the evidence discloses was placed in defendant's hands as a pledge for the security of a debt due to defendant, which was not paid.

The contract and consideration therefor, as stated in the petition, as presented in the abstract, was, that, by agreement between plaintiff and defendant, the latter took one Kunkle's note, due one day after date, for the balance which plaintiff owed him, and Kunkle gave defendant a chattel mortgage on furniture, etc., to secure the note; that in and by said agreement the plaintiff was to, and did, deposit with one Banty, as a pledge that said Kunkle's note would be paid, certain property, which, by the agreement, was only to be used, or applied, to the payment of the note after defendant had enforced his mortgage against the furniture.

The evidence showed that "defendant agreed to, and did, take Kunkle's note, secured by a chattel mortgage on the furniture sold him, for the amount of the balance due on my note to him, payable one day after date. In the sale to Kunkle, I reserved, with defendant's consent, the furniture of two rooms of the hotel. *After* defendant took note from Kunkel, I commenced moving my furniture from the hotel. Defendant objected to my doing so, but, at last, agreed that I might remove it, if I would leave in the hands of one Banty, his agent, one hundred dollars in money, and one wagon, and one set of double harness, as collateral security for the payment of Kunkle's note. Defendant agreed that, if I would do so, he would first make his debt out of the property on which he held a chattel

mortgage from Kunkle, and would use reasonable care and diligence to protect my interest in said collateral, to be placed in Banty's hands, and the collaterals were put up on that agreement." The petition states an agreement upon one consideration, and the evidence shows it to be upon a different and distinct one. The two agreements were not the same. There was no offer by plaintiff to amend. Our conclusion is, that the evidence did not sustain the petition. Other considerations which present themselves need not be considered.

The judgment is affirmed. All concur.