WILLIAM FURTH, Respondent, v. FREDERICK H. MILLER'S EXECUTRIX *et al.*, Appellants.

St. Louis Court of Appeals, October 27, 1896.

1. **Practice, Appellate**: WEIGHING THE EVIDENCE. If no valid exceptions have been saved in the trial of an action at law, and the judgment finds substantial support in the evidence in connection with the pleadings, appellate courts will not disturb it.

2. ———: NONCONFORMITY OF JUDGMENT TO PLEADING. And *held*, in the course of discussion, that in such case it is not even essential that the judgment should conform to the pleadings, when the parties have agreed at the trial that the court should consider the evidence without regard to the pleadings, and should render any judgment warranted thereby.

VOL. 67 app—16

3.  **Factors**: LIABILITY TO PRINCIPAL FOR ACTS IN EXCESS OF AUTHORITY.
    If a commission merchant exceeds his powers in the sale of goods
    consigned to him, he is answerable to his principal for a loss occasioned thereby.

*Appeal from the St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

AFFIRMED.

*Fisse & Kortjohn* for appellants.

*Nathan Frank* for respondent.

ROMBAUER, P. J.—It is a recognized rule of appellate procedure that, if no valid exceptions have been saved in the trial of an action at law, and the judgment is one which finds any support in the pleadings and substantial evidence, appellate courts will not disturb it.   In the case at bar it is not even essential that the judgment should conform to the pleadings, because at the inception of the trial the parties agreed of record that the court should hear the evidence, and, if the plaintiff is entitled to recover on any theory, judgment should be given in his favor, as though the petition had been drawn on such a theory, and that the defendants should be allowed to make any defense which they might have, whether the answer properly sets up such defense or not.   The only matters, therefore, which we can consider on this appeal are, first, whether the defendants have saved any valid exceptions at the trial, and, next, whether there is any substantial evidence in the cause warranting the judgment rendered.

Without going over all the evidence in detail, it suffices to say that the plaintiff did adduce substantial evidence tending to show the following facts: Frederick H. Miller and his codefendants (hereinafter called the defendants) were commission merchants in the city of

St. Louis. The plaintiff consigned to them for sale on his account some dried fruit, which found no ready sale in the market, and which was of a perishable character. The defendants, after holding the merchandise for some time, reported to the plaintiff in March, 1893, that they had sold the fruit, giving prices at which they sold it, but not naming the purchaser. Their letter of advice contained the statement: "We had to give the buyer the privilege to leave it here for two or three weeks." The fruit was not paid for by the buyer, except a small part thereof which was subsequently delivered. Some time thereafter the buyer failed and made an assignment. The defendants prosecuted in their own name the claim against the purchaser's assignee for breach of the contract of sale and obtained judgment, on which they collected fifty per cent from the assigned estate. The residue of the fruit was afterward resold by the defendants without consultation with the plaintiff, and without plaintiff's direct authority. Such resale resulted in a loss to the extent of the amount of the judgment rendered herein. It is not claimed that the judgment is excessive.

It was admitted upon the trial that the defendants as commission merchants had authority to sell the goods consigned to them for cash only, unless otherwise instructed by their principal. The admission merely emphasized the law on the subject. There was no evidence that the defendants were instructed or authorized to sell the goods on credit. There was some inferential evidence that the plaintiff was aware that these goods were to be paid for by the purchaser only on delivery. This evidence the defendants now claim was sufficient to show a waiver or ratification. As above seen, however, the effect of such evidence was not submitted to the court by instruction, and as

it is clearly insufficient to establish a waiver or ratification as a matter of law, it is necessarily insufficient to warrant interference with the judgment.

After a loss on the transaction became imminent, the defendants wrote to the plaintiff that the senior member of their firm considered it fair that the defendants should stand one third of the loss resulting from a resale. This letter the plaintiff offered in evidence. The defendants objected to its admission as containing an offer of compromise. The record, however, is silent as to whether the court considered the letter in making up its judgment, and the record is perfectly clear that the defendants saved no exception to the admission of the letter in evidence, conceding that it was admitted.

This being, in substance, the evidence, it must be apparent that we are not warranted in disturbing the judgment. There is ample evidence in the record, direct and inferential, that the defendants exceeded their powers in the sale, and the law is well settled that in such cases they are answerable for the loss caused by their misconduct. The record, moreover, furnishes evidence, direct and inferential, that the defendants themselves were aware of the fact that they had exceeded their powers, and had become personally responsible to the plaintiff, and thereafter dealt with the goods as if they were their own. Hence, it can not be said that the judgment is unwarranted on any theory applicable to the facts, all the more so as it is conceded that it is not excessive, provided the plaintiff was entitled to recover at all. All the judges concurring, the judgment is affirmed.