## WITT v. TEAT. (No. 5276.)

(Court of Civil Appeals of Texas. San Antonio. May 6, 1914. Rehearing Denied June 10, 1914.)

1. HOMESTEAD (§ 77*)—EXEMPTION — NATURE OF EXEMPTION.

Where the owner of a homestead traded it for another tract of land upon which he never resided, such land is exempt from attachment or garnishment for a period of six months, for Rev. St. 1911, art. 3787, declaring that the proceeds of the voluntary sale of a homestead shall not be subject to garnishment or forced sale within six months after sale, apply, not only to the proceeds where a homestead is sold for cash, but to where it is exchanged for other lands.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 109; Dec. Dig. § 77.*]

2. FRAUDULENT CONVEYANCES (§ 52*)—WHAT CONSTITUTES FRAUDULENT CONVEYANCE — SALE OF LAND TAKEN IN EXCHANGE FOR HOMESTEAD.

Land taken in exchange for a homestead is exempt from attachment for a period of six months, and the owner's conveyance within that period, although made with the intent of defrauding his creditors, passes good title; hence, in an action between the owner's grantee and a purchaser at a sale under a judgment had against the owner, evidence of an attachment levied upon the land before the expiration of six months is inadmissible as showing notice to a purchaser that the conveyance was fraudulent.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 118–127; Dec. Dig. § 52.*]

3. HUSBAND AND WIFE (§§ 254, 267*)—COMMUNITY PROPERTY—LAND TAKEN IN EXCHANGE FOR HOMESTEAD—CONVEYANCE.

Where a husband and wife exchanged their homestead for other land upon which they never resided, such land becomes part of the community estate, and may be disposed of by the husband alone, without the consent of his wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 896–899, 929–938; Dec. Dig. §§ 254, 267.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**4. Fraudulent Conveyances (§ 286*)—Conveyance in Trust for Debtor—Evidence.**

Where plaintiff claimed under a conveyance of land which a debtor received in exchange for his homestead, made within six months after exchange, and defendant claimed by purchase at sale under a judgment against the debtor, plaintiff may be interrogated as to whether he holds the land for the debtor.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 822–825, 827–834, 863–866; Dec. Dig. § 286.*]

**5. Appeal and Error (§ 1170*)—Review—Harmless Error.**

Under court rule 62a (149 S. W. x), providing that no judgment shall be reversed, unless the error complained of was calculated to cause the rendition of an improper judgment, the improper exclusion of testimony is not reversible error, where it could not have changed the result.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

Appeal from District Court, Wharton County; Sam'l J. Styles, Judge.

Action by George L. Teat against J. H. Witt. From a judgment for plaintiff, defendant appeals. Affirmed.

H. A. Cline, of Wharton, and Witt & Saunders, of Waco, for appellant. Geo. L. Teat, of Kosciusko, Miss., and Williams & Hartman, of San Antonio, for appellee.

MOURSUND, J. J. Homer Gaddy and wife, for several years prior to February 23, 1909, owned, as community property, and resided upon a certain lot on Baylor street in the city of Waco, which, during said time, was their homestead, and was such homestead when they sold and conveyed same to J. R. Bondurant, on February 23, 1909. Bondurant, in consideration of such conveyance, on the same day conveyed to said J. Homer Gaddy the survey of land in Wharton county in controversy in this suit. Prior to the expiration of six months from February 23, 1909, to wit, on August 10, 1909, J. Homer Gaddy, by deed of that date, sold and conveyed to Geo. L. Teat the said survey of land in controversy. This suit was brought by Geo. L. Teat to recover said land from J. H. Witt, who claims title thereto under a sheriff's deed executed by virtue of a levy and sale under an order of sale issued upon a judgment in favor of the First National Bank v. J. Homer Gaddy. In the suit in which said judgment was rendered, an attachment was issued on July 30, 1909, and levy was made upon the land in controversy on August 2, 1909. The attachment, with the return thereon, was filed and recorded August 2, 1909. Another attachment was issued and levied upon the land on March 24, 1910. On August 20, 1912, an order of sale was issued in said suit, reciting that a judgment had been obtained by plaintiff on June 8, 1910, for $1,491.04, and for foreclosure of an attachment lien as it existed on March 24, 1910, upon said land, which order of sale

was executed by the sheriff selling said land on October 1, 1912, to J. H. Witt for $1,250; the deed being executed and delivered upon the same day. The court declined to permit Witt to introduce said attachment writs, order of sale, and sheriff's deed, and rendered judgment for plaintiff. Findings of fact and conclusions of law were filed.

[1] Appellant's first contention is that, as J. Homer Gaddy and wife never used the property in controversy as a homestead, and never intended to use same as a homestead, it was not exempt from forced sale. The findings of fact contain no finding that Gaddy and wife did not use or intend to use the land in controversy as a homestead, and it does not appear that any request was made for an additional finding covering such point; but, if we concede the facts to correspond with appellant's statement of them, nevertheless the court did not err in holding said land exempt. Article 3787 (Revised Statutes of 1911) reads as follows:

"The proceeds of the voluntary sale of the homestead shall not be subject to garnishment or forced sale within six months after such sale."

If it had been the intention of the Legislature to restrict the exemption to money received for a homestead, it could easily have said so. The words used plainly show that the exemption applies to property received, as well as to money, and, if land is received in payment for a homestead, it is not necessary that it should become the homestead itself. The law grants six months in which it may be applied to the purchase of a homestead, and, until that time expires, it is exempt from levy of attachment or execution. Speer on Married Women, § 268.

[2] The second contention is that the writ of attachment levied upon the property on August 2, 1909, should have been admitted in evidence as notice to any purchaser of J. Homer Gaddy's lands in Wharton county of his fraudulent purpose in selling the same. There is no merit in such contention. As the land was exempt from seizure by levy of an attachment writ, it could be sold at any time within the six months, and a sale during such time carried good title no matter what the motive was which actuated Gaddy in making the sale. Holt v. Abby, 141 S. W. 173; Gaar, Scott & Co. v. Burge, 49 Tex. Civ. App. 599, 110 S. W. 181; Lewis v. Bank, 36 Tex. Civ. App. 437, 81 S. W. 797; Thompson v. Railway, 45 Tex. Civ. App. 285, 100 S. W. 197.

[3] The next contention is that the deed from Gaddy to Teat should not have been admitted in evidence, because not signed and acknowledged by Mrs. Gaddy. The land was not a homestead, and was community property, which could be sold by Gaddy alone, just as he could have disposed of money had the homestead been sold for money. Alvord National Bank v. Ferguson, 126 S. W. 622.

[4, 5] The fourth, fifth, and sixth assign-

ments are submitted together, and the proposition thereunder is to the effect that when a conveyance is simulated, and not intended to pass title, but merely to enable the grantee to hold the title for grantor, the creditors are entitled to show such facts, and to have the property declared to be that of the grantor. Briefly stated, appellant wanted to show that, when the second writ of attachment was levied upon the property on March 24, 1910, the same was still the property of Gaddy, although a deed thereto was held by appellee. The court apparently viewed appellant's efforts as an attempt to show that the sale was made for the purpose of defrauding creditors, hence excluded the testimony. The proposition is germane to only one of the assignments, and that assignment is too general. The statement indicates that complaint is sought to be made because of the exclusion of the affidavit and bond in attachment, the writ of attachment levied March 24, 1910, the order of sale, and the sheriff's deed to Witt, as well as Teat's testimony. The documentary evidence could not become material, unless it was shown that the land still belonged to Gaddy on March 24, 1910. The bill of exceptions taken upon the exclusion of Teat's testimony recites that such testimony was offered in connection with other testimony and circumstances to show that the purported conveyance to Teat was in fact no conveyance, and that the court refused to permit the introduction of any evidence offered for that purpose. We fail to see why the court refused to permit appellant to propound questions to Teat or any other witness in an effort to show that Gaddy still owned the land when the second attachment was levied thereon; and we are also at a loss to understand how appellee can contend that all the testimony was before the trial court, when it is not contained in the statement of facts, and the bills of exception show it was excluded. We cannot reverse the judgment, however, merely because of the court's error, if such error is one which, under rule 62a (149 S. W. x) for the Courts of Civil Appeals, does not justify a reversal. Appellant cannot rely upon a general statement that the court refused to hear his testimony, but must go further and show that the testimony was material. He shows that he offered Teat's testimony, but does not show that he offered that of any other person. A perusal of Teat's testimony, as set out in the bill of exceptions, indicates that the court permitted him to question Teat, and then excluded the testimony. Such testimony, while admissible, wholly fails to show that Teat did not purchase the land, and contains no facts or circumstances which are sufficient to raise an issue as to whether he actually purchased the land. His motive in buying and Gaddy's motive in selling are immaterial; the only question being: Did he actually buy? We conclude that, had such testimony been ad-

mitted, the judgment must necessarily have been the same, and that therefore we should not reverse the judgment below.

The assignments are overruled, and the judgment affirmed.