## SIMMONS–NEWSOME CO. v. MALIN.
### (No. 1190.)

(Court of Civil Appeals of Texas. Amarillo. June 6, 1917. Rehearing Denied June 27, 1917.)

1. HOMESTEAD ☞77 — PROCEEDS — GARNISHMENT.

Proceeds from voluntary sale of homestead are subject to garnishment after six months from the sale.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 109.]

2. HOMESTEAD ☞77 — PROCEEDS — GARNISHMENT.

Where proceeds from voluntary sale of homestead are transferred without consideration to a third party and are not reinvested within six months from such sale, such proceeds can be garnished in the hands of the transferee by seller's creditor.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 109.]

3. HOMESTEAD ☞77 — PROCEEDS — GARNISHMENT.

Where a widow traded her homestead, the advancement of $425 by the man who thereafter became her husband and his assumption of mortgage of $900 on the property received in exchange was sufficient consideration for having the notes executed by the other trading party made payable to such husband, so that the debt represented by them could not be garnished as her property.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 109.]

Appeal from Dallas County Court; T. A. Works, Judge.

Action by the Simmons-Newsome Company against Mrs. Metta Sears; T. R. Malin, gar-

nishee. Judgment for garnishee, and plaintiff brings error. Affirmed.

George Sergeant, Spence & Haven, and W. J. Rutledge, Jr., all of Dallas, for appellant. W. W. Hilbrant, of Dallas, for appellee.

HALL, J. This suit was instituted in the county court at law of Dallas county, by the filing of an affidavit in garnishment after judgment by Simmons-Newsome Company, a corporation, against T. R. Malin, garnishee, to recover funds alleged to be due Mrs. Metta Sears, by Malin. The judgment in favor of Simmons-Newsome Company was obtained against Mrs. Metta Hodges, who since the rendition of said judgment married J. S. Sears. The judgment was rendered for goods sold to Mrs. Hodges (Mrs. Sears) after the death of her first husband, and before her marriage to Sears. Garnishee Malin answered: That he was not indebted to J. S. Sears or Mrs. Metta Sears and did not have any property belonging to either of them and did not know of any other persons who were indebted to either of them, except that the garnishee owed the amount due on two vendor's lien notes; the first for the sum of $400, and the second for the sum of $500, dated February 2, 1914, and due respectively at one and two years, payable to the order of J. S. Sears, and bearing interest at the rate of 8 per cent. per annum, payable annually, said notes having been executed by the garnishee in an exchange of properties between the garnishee and Mrs. Metta Hodges, and having been made at the direction of Mrs. Metta Hodges, payable to the order of J. S. Sears. That the first of said notes was due, and that there was due on both of said notes interest from date, making a total amount due and unpaid at the time of the filing of his answer of $473.50. That he believed that J. S. Sears was still the owner and holder of said notes, and stated that they were asserting some interest in the amount due on said notes, and asked that they be made parties to the suit. J. S. Sears and wife answered, asserting that no judgment had been rendered against J. S. Sears; that the notes described by the garnishee were executed in part payment of property which had been the homestead of Mrs. Metta Hodges after the death of her husband; that such notes, having been executed in payment of exempt property belonging to Mrs. Metta Hodges, were not liable to the debt of the plaintiff; that the notes had been by the direction of Mrs. Hodges made to the order of J. S. Sears for the reason that she, at the time of the execution of said notes, had received certain advancements from J. S. Sears for the purpose of discharging liens and other indebtedness against her homestead property, and that J. S. Sears, in the exchange of property, had assumed an indebtedness of $900 against the property conveyed to him by Malin; and that the said Sears was now the owner of the two notes described by the garnishee. Plaintiff filed a supplemental petition, denying the exemption claimed by the judgment debtors, and alleging that the execution of the notes to J. S. Sears for property belonging to Mrs. Metta Hodges was made without consideration and for the fraudulent purpose of evading the payment of the debt. The court directed the jury to return a verdict in favor of the garnishee and the judgment debtors for the reason that:

"The homestead of Mrs. Metta Hodges-Sears was to her from forced sale as against the debt of plaintiff, and that no conveyance of the same could be a fraud on the creditors, as they had no interest in the same."

Judgment was entered in accordance with the verdict, from which the plaintiff in garnishment has appealed.

[1-3] Under the first assignment, appellant advances two propositions: First, that the proceeds from the voluntary sale of the homestead are subject to garnishment after six months from said sale; and, second, where proceeds from the voluntary sale of a homestead are transferred without consideration to a third party and are not reinvested within six months' time from such sale, such proceeds can be subjected to garnishment in the hands of the transferee by creditor of the seller. As abstract propositions of law, these statements are correct, but they do not apply to the facts of this case. The record discloses that on the 2d day of February, 1914, Mrs. Metta Hodges was the owner of lot 1, block B, of Woodlawn Place addition to the city of Dallas, and that T. R. Malin was the owner of lot 12 in block ——— of Browder's Providence addition to the city of Dallas, and on said date they agreed to trade places, consenting that the two places were of equal value. At this time there was a mortgage against the property owned by Malin, to secure a debt of $900, and there were outstanding vendor's lien notes against the property owned by Mrs. Hodges, in the sum of $300, together with unpaid taxes against both places. J. S. Sears, who about a week after the date of the trade was married to Mrs. Hodges, advanced her $300 with which to pay off the vendor's lien notes against her property and advanced for her benefit $100 to T. R. Malin, in order to enable the parties to consummate the exchange. That, when the conveyances were made to the respective pieces of property, Mrs. Hodges directed that the deed to the Providence addition property be made by Malin to J. S. Sears, and that the two notes executed by Malin should also be made payable to J. S. Sears. It further appears that, in pursuance of this agreement, Sears assumed payment of the $900 note secured by a mortgage against the property conveyed to him by Malin. The property conveyed by Mrs. Hodges was her homestead and had been for many years, and was free of all liens save the purchase price, to the extent of $300, and tax-

es, which Sears advanced before their marriage. The record shows that the total amount advanced by Sears, including the vendor's lien notes, the $100 paid Malin, and delinquent taxes, is in excess of $425. This, in addition to the $900 lien against Malin's property, which he assumed, was a sufficient consideration for having the notes executed by Malin made to him as payee. At the time of the exchange, the property owned by Mrs. Sears ,was her homestead, and she had a perfect right to dispose of it or its proceeds as she saw fit. Both the homestead and the proceeds being exempt at that time, she could make any disposition she desired of either, and no charge of fraud upon the creditors could be based upon such disposal. Sears and his wife both testified that he was the owner of the notes when the garnishment writ was ·served, and their uncontroverted statements of the transaction through which he acquired them sustains their contention.

There being no issue of fact for submission to the jury, the court did not err in directing a verdict, and the judgment is affirmed.