JOSEPH H. MURRAY and GEORGE PATTERSON, partners doing business under the name of MURRAY & PATTERSON, Respondent, v. GORDON-WATTS GRAIN COMPANY, Appellant.*

In the Kansas City Court of Appeals, April 7, 1924.

1. FACTORS: Principal and Agent: Agent May Sell on Credit if Such Sales are Customary. An agent has the right to sell on credit if such sales are customary, and unless there is a custom to sell upon credit, the goods must be sold for cash or its equivalent.

2. ———: Pleading: General Denial: General Denial put in Issue Question of Whether Plaintiff's Instructions to Agent Were to Sell Their Wheat for Cash. In an action to recover the value of a carload of wheat lost by reason of alleged violation of plaintiffs' instructions to defendant, who was their agent, where plaintiffs alleged that the instructions to defendant were to sell for cash, a general denial put that matter in issue.

3. ———: Principal and Agent: Instructions to Agent to Sell Grain and Deposit "Proceeds" to Plaintiffs' Account Held not Necessarily to Mean for Cash. Instructions to agent to sell grain and deposit the proceeds in bank to plaintiffs' account held not sufficient to show that plaintiffs instructed sale should be for cash, because the word "proceeds" does not necessarily mean cash or money.

4. ———: Statute Held not to Render Fraudulent Agents Violation of Express Directions in Reference to Sale of Wheat. In an action to recover value of a carload of wheat lost by reason of alleged violation of plaintiffs' instructions to agent, where there was no showing that agent had failed to account for or to pay over the "proceeds" of sale, section 3358, Revised Statutes 1919, providing that a commission merchant to whom grain is consigned shall be guilty of fraud in failing to account for and pay over proceeds to his principal, did not apply, as suit was for violation of an express direction on part of agent, and was not bottomed upon the statute.

5. ———: Negligence: Agent in Accepting Check in Payment of Wheat Consigned to Him for Sale, Held not Negligent in so Doing. Evidence that agent upon selling wheat consigned to him, accepted buyer's check in payment, *held* not to show negligence, where agent upon learning of buyer's failure and that check had not been paid, immediately demanded the return of the wheat.

*Headnotes 1. Agency, 2 C. J., section 234; Factors, 25 C. J., section 51; 2. Factors, 25 C. J., section 119; 3. Factors, 25 C. J., section 51; 4. Factors, 25 C. J., section 58 (Anno); 5. Factors, 25 C. J., section 123.

Appeal from Circuit Court of Buchanan County.—Hon. *L. A. Vories,* Judge.

REVERSED AND REMANDED.

*Mytton & Parkinson* for appellant.

*Bart M. Lockwood* for respondent.

BLAND, J.—This is an action to recover the value of a car load of wheat owned by plaintiffs and lost by reason of the alleged violation of plaintiffs' instructions to defendant, who was their agent in the sale of the wheat. At the close of plaintiffs' testimony the court marked given defendant's instruction in the nature of a demurrer to the evidence, whereupon plaintiffs took an involuntary non-suit with leave. The court afterwards sustained plaintiffs' motion to set aside the involuntary non-suit so taken, and defendant has appealed.

The facts show that during the month of October, 1920, plaintiffs, who were farmers and shippers of grain, shipped three car loads of wheat, only one of which is in question in this case, from Arnold, Kansas, to St. Joseph, Missouri. A shipper's order bill of lading with draft attached was forwarded by the Arnold State Bank for plaintiffs to the First National Bank of St. Joseph with instructions to notify Carter Grain & Hay Company against whom the draft was drawn. A letter was written to the St. Joseph bank directing that in

case Carter Grain & Hay Company refused payment of the draft to turn the bill of lading over to the defendant, a grain broker of St. Joseph, with instructions "to sell grain and deposit proceeds to credit of Murray & Patterson." Carter Grain & Hay Company refused the consignment and the bank turned over and delivered the bill of lading to the defendant, informing defendant that the bank had been instructed to turn the bill of lading over to it with directions to sell the grain and deposit the proceeds to the account of Murray & Patterson. These were all the instructions given to the defendant.

The car arrived in St. Joseph on November 8th and defendant notified plaintiffs that it had sold the wheat on that day for $1.78 per bushel, but did not disclose the name of the purchaser. The wheat was sold to the Great Western Grain Company whose check the defendant took for the amount and deposited it in the bank in the usual course of business. The Great Western Grain Company failed before its check in the sum of $2,399.44 in payment of the wheat had been cashed. About the 15th of November defendant called up plaintiff Patterson and stated to him that the buyer of the wheat had failed; that the check that had been taken was no good. Patterson told defendant he was looking to it for the money. Just when plaintiffs learned that the check was taken for the wheat is not shown in the record, only the time when they learned that the check was no good appears. Nor is there any evidence as to when the check became no good, that is, as to the date of the failure of the Great Western Grain Company, but this must have been shortly after the check was given. In about two hours after defendant first called Patterson, it called him again and told him to come to St. Joseph, which he did, arriving the next day. Upon his arrival he was advised by the defendant to file suit for the wheat, which he did, filing a replevin suit for the recovery of the wheat. There is no evidence as to whether that suit is still pending.

216 M. A.—39

After the filing of the replevin suit, plaintiffs brought this suit against the defendant in three counts; the first alleging that the wheat was turned over to the defendant with *instructions to sell the same for cash* and that defendant did not sell the grain for cash and negligently failed to collect and receive the proceeds of the wheat and deposit same as a credit to plaintiffs in the First National Bank of St. Joseph as instructed. *The second* count alleges that *defendant was instructed to sell the wheat for cash* and that it was its duty to obtain cash for the wheat before releasing it to the purchaser and that defendant carelessly and negligently sold the wheat to a bankrupt concern without obtaining cash or a sound check. The third count alleges that plaintiffs *instructed defendant to sell for cash* and that defendant sold the wheat for $1.78 per bushel and failed and refused to pay over the proceeds, the value of the wheat to plaintiffs, or deposit the same to plaintiffs' credit in the bank.

It is insisted by defendant that the court erred in setting aside the involuntary non-suit, for the reason that defendant was not under the circumstances required to sell for cash. The rule is stated by Mechem as follows:

"It was formerly considered that a factor had no implied authority to sell upon credit, but the rule is now well settled (although it is undoubtedly contrary to the ordinary rule respecting sale by agents) that, in the absence of instructions or an usage to the contrary, the factor, if he exercises reasonable care and prudence in the selection of a responsible purchaser, may sell the goods upon a reasonable term of credit. Where, however, he is instructed to sell for cash only, or where the custom is not to grant credit, a factor has no implied authority to sell upon credit; though his secret instructions would not affect the rights of a purchaser ignorant of them and dealing in reliance upon the customary authority.

"Upon a sale on credit, the factor may take negotiable paper in his own name in payment and may discount

the same for his principal or surrender it up when paid. But if he discounts it for his own accommodation, he makes the note his own, and will be liable though the maker fails." [2 Mechem on Agency (2 Ed.), sec. 2504, pp. 2111, 2112.]

However, it is stated in Wheeler and Wilson v. Givan, 65 Mo. 89, 92, 93—

"The facts in the case show that Moore, the agent who sold the machine in question had authority to sell, and that he was to receive, as compensation for his services, twenty-one dollars for each machine sold. Under this authority he had a right only to sell, and in exercising this right in the absence of particular instructions, might sell according to the usual mode of dealing in that particular trade, and might sell on credit if such sales were customary in that business and locality."

The rule in Missouri seems to be somewhat different from that stated by Mechem. Mechem states the rule that the factor has the right to sell on credit unless the custom is not to grant credit. The rule stated in Wheeler and Wilson v. Given, supra, is that the agent may sell on credit if such sales are customary; in other words, unless there is a custom to sell upon credit, the goods must be sold for cash or its equivalent. [See also Furth v. Miller's Executrix, 67 Mo. App. 241.] We have no doubt that where the factor is permitted by custom to take a check in a sale of goods he may do so.

Contrary to defendant's contention, we do not think that the evidence goes far enough to show what the custom in St. Joseph was in regard to selling wheat under the circumstances, whether by check or for cash. Nor is the custom pleaded in the answer, the answer containing merely a general denial. It would seem that under the rule in this State, it would be necessary, in order for the factor to justify a sale of the goods for anything less than cash, to plead the custom to make sales in such a way. However, it is not necessary for us to so hold for the reason that we think plaintiffs failed to prove the

cause of action alleged. In all three of the counts of the petition plaintiffs alleged that the instructions to defendant were to sell for cash while there is no evidence to so show. Of course if defendant was instructed to sell for cash it would make no difference even were it the custom to take the buyer's check, defendant would have been required to take cash only. Therefore the general denial put in issue the question of whether the instructions were to sell for cash and the evidence fails to show any such instructions.

As before stated, the only evidence upon the question is that defendant's instructions were to sell the grain and deposit the proceeds in the bank to plaintiffs' account. The proceeds of the sale might be by cash, note or check, depending upon the circumstances and terms under which the goods were to be sold. The word "proceeds" does not necessarily mean cash or money. [Phelps v. Harris, 101 U. S. 370, 380; Haven v. Gray, 12 Mass. 71; Dow v. Whetten, 8 Wedn, 160.] Plaintiff having failed to prove the cause of action alleged, the court properly sustained defendant's demurrer to the evidence. [State ex rel. v. Martin, 11 Mo. 670, 675, 676; Marcum v. Smith, 26 Mo. App. 460; Chitty v. Ry. Co., 148 Mo. 64.]

Having reached this conclusion, it is unnecessary to pass upon the question as to whether plaintiffs having elected to file a replevin suit against the purchaser of the wheat are estopped to pursue this action against the defendant, as contended by the defendant.

We have examined the authorities cited by plaintiff and do not deem them in point. The cases of Gowling v. Amer. Express Co., 102 Mo. App. 366, National Bank of Commerce v. Exchange Bank, 151 Mo. 320, National Bank v. Live Stock Commission, 113 Mo. App. 696, and like cases cited by plaintiffs, were cases that involved agents for collection. As stated in the case last cited, l. c. 700—

"An agent authorized merely to collect a demand or to receive payment of a debt, cannot bind his principal

by any arrangement short of an actual collection and receipt of the money, and he cannot therefore take in payment the note of the debtor either to himself or to his principal.''

Of course, the facts in the case at bar are quite different from those where the agency is merely for collection, and in those cases the court did not pass upon the question here involved, that is, whether plaintiffs could plead that the factor was expressly directed to sell for cash and recover upon a failure to prove such express direction.

Plaintiffs also rely upon section 3358, Revised Statutes 1919, which provides that a commission merchant to whom any grain, etc., is consigned and who—

''. . . shall come in possession of a bill of lading or warehouse receipt for such property, for or on account of another person or other persons, . . . if, having disposed of any such bill or lading or warehouse receipt, shall fail to account for and pay over the proceeds thereof forthwith to his principal, or the owner of such property, . . . he shall be deemed guilty of fraud, . . .''

We fail to see how this statute can be material in this case. This suit, as we have stated, is a suit for violation of an express direction on the part of the agent and is not bottomed on the statute, or, even if it were, there is no showing that defendant has failed to account for or to pay over the ''proceeds'' of the sale of the wheat. The proceeds in this case was the check. Neither did defendant fail to collect the proceeds of the bill of lading before parting with it.

It is insisted that ''it was a week before defendant sought to collect for the car of wheat and before notifying plaintiffs as to the buyer or the facts of the sale'' and ''that defendant was grossly negligent in accepting the buyer's check and waiting as long as they did to collect for the grain.'' The petition is not founded upon any such contentions as these and, aside from this,

there is no negligence shown in the acceptance of the check and the evidence is that defendant immediately demanded the return of the wheat when it found that the buyer of the wheat had failed and the check was not paid. It is not necessary for us to pass upon the question as to whether it was incumbent upon defendant to immediately notify plaintiffs as to who was the buyer of the wheat at the time it was sold and before it became apparent that the wheat was not going to be paid for, as before stated, the pleadings are not broad enough to raise such an issue.

The judgment is reversed and the cause remanded. All concur.