## RABON v. TOLLIVER.
### No. 11717.

Court of Civil Appeals of Texas. Galveston.

May 31, 1945.

Arnold Smith and Geo. B. Darden, both of Conroe, for appellant.

O. Etheridge, of Conroe, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the county court of Grimes County awarding the appellee, R. L. Tolliver, a $283.60 recovery against the Security State Bank of Plantersville as garnishee, upon a finding that it then had money in that sum belonging to appellant, W. L. Rabon, upon a judgment-debt owing by him to the appellee.

It comes here pursuant to No. 378, Texas Rules of Civil Procedure, upon this agreed statement as to the facts involved:

"That on the 26th day of September, 1942, and prior thereto, W. L. Rabon and wife, Mary H. Rabon, were the owners in fee simple of the following described tract of land, to-wit:

"16⅔ acres out of the Wm. Adkins League, Montgomery County, Texas, using, occupying and enjoying the same as their homestead, and were owners of five Jersey Cows, one Brahma bull, one mare and one 7-ft. Electrolux refrigerator.

"That on said same date W. L. Rabon, et ux., sold said land and personal property to J. P. Heintz in consideration of $2,100.00, the sum of $500.00 being paid in cash and the balance of $1,600.00 being payable to W. L. Rabon in installments as follows: $150.00 on or before the 1st day of April, 1943, $150.00 on or before the 1st day of October, 1943, and $150.00 on or before the 1st day of April and October each year thereafter until paid in full, with interest from date at the rate of 7%, payable annually as it accrues, and a vendor's lien and mortgage lien was retained in the one note to secure said balance due.

"That on February 6, 1943, R. L. Tolliver recovered judgment against W. L. Rabon, for the sum of $250.00, with interest from date at the rate of 6% per annum in Cause No. 1791, County Court, Montgomery County, Texas.

"That O. Etheridge, an attorney of Conroe, Texas, represented Tolliver.

"That on the 4th day of December, 1943, $1,300.00 was still unpaid and W. L. Rabon, in consideration of $1,250.00 transferred said vendor's lien and mortgage lien to O. Etheridge, and left an assignment at Security State Bank of Plantersville for collection.

"That said vendor's lien and mortgage lien note was payable to W. L. Rabon at Security State Bank, Plantersville, Texas.

"That on the 10th day of December, 1943, R. L. Tolliver, through his attorney, O. Etheridge, filed a petition for garnishment after judgment against Security State Bank, Plantersville, Texas, in Cause No. 1805, County Court, Montgomery County, Texas.

"That O. Etheridge, Attorney, on December 15, 1943, went to the Security State Bank, Plantersville, Texas, paid to said bank $1,250.00 for said note which said bank deposited to the account of W. L. Rabon, and about two hours thereafter a Writ of Garnishment was properly served upon said bank.

"That the Security State Bank, Plantersville, Texas, on December 27, 1943, filed an Answer in Garnishment admitting that it had in its possession the sum of $1,250.00, deposited to the account of W. L. Rabon, and was holding it subject to the order of the court.

"That on December 31, 1943, by agreement of the parties, W. L. Rabon was per-

mitted to withdraw $850.00 of the $1,250.00 from the bank.

"That W. L. Rabon filed a controverting affidavit to said Answer in Garnishment on the bank, and the venue of said cause was by the Court transferred to the County Court of Grimes County, Texas, and docketed under Cause No. 1780.

"That said cause was tried before the County Judge of Grimes County, Texas, at Anderson, on the 19th day of December, 1944, without a jury.

"That upon the trial of said case Plaintiff, R. L. Tolliver, did not make proof of separate value of the personal property from the 16⅔ acres of real estate. Defendant, W. L. Rabon, did not make proof of separate value of the personal property from the 16⅔ acres of real estate.

"That this trial resulted in judgment being entered by the Court in favor of R. L. Tolliver for the sum of $283.60, plus all Garnishment and Court costs and subjecting the funds of W. L. Rabon, Defendant, on deposit in said bank, to Plaintiff's Garnishment.

"To which action of the Court, W. L. Rabon, Defendant, then and there in open Court excepted and gave notice of appeal to the Court of Civil Appeals sitting at Galveston, Texas.

"That the only issues involved in this case on appeal are:

"1. Whether or not the proceeds of a vendor's lien note given as a part of the purchase price of a homestead are exempt for six months from the date same was due or paid, or whether said homestead exemption continues only for six months after the date of sale of the homestead.

"2. Whether it was the burden of the Plaintiff, R. L. Tolliver, or Defendant, W. L. Rabon, to make proof of separate values of the personal property as between it and 16⅔ acres of land."

After a careful consideration of the record and the briefs of both parties, this court determines that there was no error in the judgment so rendered.

When the plain provisions of Article 3834, Vernon's Revised Civil Statutes of Texas, are looked to, it seems clear that the money so on deposit in the bank to appellant W. L. Rabon's credit was properly subject to the appellee's garnishment against it on December 15 of 1943; because, first, the funds had been derived from a vendor's and mortgage lien note, the aggregate amount of which represented—in part—the proceeds of a voluntary sale Rabon had made of his homestead on September 26 of 1942, one year and 2½ months prior to the levy of such garnishment; and, second, an undetermined portion of such note had been for personal property, which was subject to garnishment at any time, and the other undetermined portion, which was part of the proceeds from such voluntary sale of appellant's homestead more than a year prior thereto, was subject to the garnishment after the six months exemption-period provided in Article 3834 had expired on March 26 of 1943.

The cited statute simply provides "The proceeds of the voluntary sale of the homestead shall not be subject to garnishment or forced sale within six months after such sale," which followed decisions of our Supreme Court holding the proceeds of the voluntary sale theretofore of the homestead not to be exempt at all, 22 Tex. Jur., page 198, Section 139, and cited authorities under footnote 16.

Subsequently, that Act appears to have been uniformly construed by our decisions to simply mean what it says—that such proceeds shall not be subject to garnishment within the six months after the voluntary sale of the homestead, and no longer. Simmons-Newson v. Malin, Tex. Civ.App., 196 S.W. 281; Witt v. Teat, Tex.Civ.App., 167 S.W. 302.

In other words, during the six months immediately following the sale of his homestead on September 26, 1942, appellant Rabon could have at will made any disposition he desired of such proceeds and delivered a good title to his funds and his property to his assigns, regardless of any abstracted judgments, or other debts, against himself, even to the extent of having done so for the purpose of defeating his creditors at that time; Simmons-Newson v. Malin, Tex.Civ.App., 196 S.W. 281, supra.

But, not having in any way so appropriated or placed such proceeds beyond the reach of creditors within that time, after expiration of such six months no further protection against garnishment or levy upon such funds by his creditors was afforded him; Witt v. Teat, Tex.Civ.App., 167 S.W. 302, writ of error denied, supra.

Under these authorities, it seems further to have been authoritatively determined

that the fact that these interests of appellant were held in the form of a vendor's and mortgage lien note made no difference, that the fund was nevertheless subject to such garnishment as proceeds of the sale. Witt v. Teat, supra; Blackford v. Boak, 73 Or. 61, 143 P. 1136; Murray v. Gordon-Watts Grain Co., 216 Mo.App. 607, 260 S.W. 513; Phelps v. Harris, 101 U.S. 370, 25 L.Ed. 855; Haven v. Gray, 12 Mass. 71; Dow v. Whetton, 8 Wend.,N.Y., 160; Humphreys-Mexia v. Gammon, 113 Tex. 247, 254 S.W. 296, 29 A.L.R. 607.

Appellant's view that the exemption-period specified in the statute should be construed as not to begin until the actual receipt of each installment upon such a note as was involved in this instance is not considered sound, since, apparently, that would have virtually nullified the simple provision of the statute designating that period at six months, thereby in effect extending it, potentially at any rate, to an indeterminately longer time.

Further discussion is deemed unnecessary since these conclusions determine the merits of the controversy. The judgment of the trial court should be affirmed; it will be so ordered.

Affirmed.