No. 14,429.

HUNT, GUARDIAN, ET AL. *v.* WILLIAMS.

WILL.—*Devise of Proceeds of Land.— Construction.*—A testator gave to his wife one-half of the proceeds of his farm from year to year, after deducting taxes and repairs, during her natural life or till his minor son became of age.

*Held,* that the devise vested in the widow an interest in the land.

From the Hamilton Circuit Court.

*J. Buchanan,* for appellants.

*R. R. Stephenson* and *W. R. Fertig,* for appellee.

BY THE COURT.—This opinion, in which we all concur, was prepared for the court by the late Judge MITCHELL, and expresses the views and the judgment of the court.

The first clause of the last will and testament of Cyrus A. Hunt, late of Hamilton county, deceased, reads as follows:

"*First.* I will and bequeath to my beloved wife, Mary, * * one-half of the proceeds, from year to year, of my farm of one hundred and twenty acres in Delaware township, after the taxes have been paid on the land and the place kept in repair, during her natural life or until our son, Ross, comes to the age of twenty-one years." By a subsequent clause of his will the testator devised to his infant son Ross, all the remaining interest and estate in his lands, subject to the foregoing provision in favor of his widow.

This is a controversy between the testator's widow, who has married again, and the guardian of the minor son, the former claiming that by the terms of the will she is entitled to the possession of the undivided one-half of the land therein described; while the claim of the latter is, that as guardian he is entitled, in the right of his ward, to possess and control the land to the exclusion of the widow, and that her right is nothing more than to receive from him one-half the proceeds of the land after deducting taxes and repairs.

As will be observed, the devise to the widow is one-half

the " proceeds " of the farm from year to year. The word " proceeds " is one of equivocal import, and of great generality. It does not necessarily mean money; its meaning in each case depending very much upon the connection in which it is employed, and the subject-matter to which it is applied. *Phelps* v. *Harris*, 101 U. S. 370; *Thompson's Appeal*, 89 Pa. St. 36; *Dow* v. *Whetten*, 8 Wend. 160; *Havens* v. *Gray*, 12 Mass. 74. Strictly speaking, it implies something that arises or leads out of, or from another thing, and in its ordinary acceptation, when applied to the income to be derived from real estate, it embraces the idea of issues, rents and profits or produce. In a commercial sense it means the sum, amount, value of goods or things sold and converted into money. It is clear that the word was not used in this latter sense. If the testator had devised the real estate to his minor son, with directions that one-half the proceeds, after deducting taxes and repairs, should be *paid over* to his widow, year by year, the context would make it plain enough that no interest or estate in the land was intended to be vested in her. The context would have made it clear that the word was employed in a commercial sense. The will under examination, however, contains a direct devise of one-half the proceeds of the farm from year to year to the widow. There is the creation of no trust, nor is there a duty laid upon any one to take possession of the farm and render it productive of income, and if the interpretation contended for obtains, the provision made for the widow may be entirely illusive. It must have been the purpose of the testator, when he devised one-half the proceeds of the farm to his wife, to give her an estate in the land which she could control until her minor son became of age. It was equivalent to a devise of one-half the rents, issues and profits, and, therefore, created an interest in the land. *Commons* v. *Commons*, 115 Ind. 162, and cases cited; *Stout* v. *Dunning*, 72 Ind. 343. This construction agrees with the conclusion arrived at in *Carlyle* v. *Cannon*, 3 Rawle, 489. In that case the language of the

will was : "I give and bequeath to my sister Jane Renew, and her blind daughter Jane, one-third part of the net proceeds of all my real and personal estate during the natural life of the survivor of them, that is to say the one-third part of the interest of the whole of my real and personal estate during the time aforesaid." The court said : " The devise of the one-third part of the net proceeds, in order to effectuate the intention of the testator, is equivalent to a devise of the estate itself."

A devise of the proceeds of real estate is not materially different from a devise of the income, and the rule is that the devise or grant of the income of land carries an estate in the land itself. *Williams* v. *Owen*, 116 Ind. 70; *Bowen* v. *Swander*, 121 Ind. 164, and authorities cited.

Questions of minor importance relating to matters of practice are discussed. We have examined these questions and find nothing which would justify the court in dealing with anything besides the merits of the case.

The judgment is affirmed, with costs.

Filed Jan. 13, 1891.