(Lucas County Court of Common Pleas.)

WALTER J. CHASE, EUGENE W. GAGE, v. ARMINA D. ISHERWOOD,
AND LIBBIE M. ISHERWOOD.

1. An action can be maintained by an executor under section 6202, Rev. Stat., to obtain the judgment of the court as to the true construction of a will, only in cases where a trust is involved, or where the executor has duties to perform in carrying out the provisions of the will, which require the guidance or direction of the court.

2. A testator devised to his widow "the proceeds of his real estate." The will contained no residuary clause, and made no other disposition of his real estate, and gave no directions in relation thereto, and no authority or control over the real estate was given to the executors. *Held,* that no trust was created by the will, and no duties of the executors required the guidance or direction of the court; and that a petition filed by the executors under section 6202, Revised Statutes, should be dismissed for want of jurisdiction.

(Decided April Term 1894.)

PUGSLEY, J.

The plaintiffs are the duly qualified executors of the last will and testament of Francis P. Isherwood, deceased. The defendant Armina D. Isherwood is the widow, and the defendant Libbie M. Isherwood is the adopted daughter of the deceased. The testator, by the first clause of his will, directed that his debts be paid by his executors out of his estate. By the second clause he gave to his daughter the sum of $10,000, to be paid by his executors in installments as his executors should think best or the situation of circumstances may require. The third clause of the will is as follows: "I hereby give and devise to my dear wife, Armina D. Isherwood, in lieu of dower in my real estate, and in full of all rights of any kind in my personal and real estate, all of my personal estate of any and every kind remaining after the payment of my just debts and funeral expenses and the bequest of ten thousand dollars to my daughter Libbie M. Isherwood, and also the proceeds of my real estate."

In the remaining three clauses he appointed executors of his will and guardians of his daughter, and revoked all former wills.

The plaintiffs have brought this action under section 6202, Rev. Stat., to obtain the judgment of the court as to the proper construction of the third clause of the will, it being alleged in the petition that they are in doubt as to the true construction of said third clause, and that they desire to be instructed as to their duties.

Section 6202, Rev. Stat., is as follows: "Any executor, administrator, guardian or other trustee may maintain a civil action in the court of common pleas against the creditors, legatees, distributees, or other parties, asking the direction or judgment of the court in any matter respecting the trust, estate or property to be administered, and the rights of the parties in interest, in the same manner, and as fully as was formerly entertained in courts of chancery."

A question is raised as to the jurisdiction of the court which it becomes necessary to determine, for unless the court has power under this section to construe the will, any judgment which it might render as to the true intent or meaning of the will, would be merely the expression of its opinion upon an abstract question, and would have no binding force or effect upon the parties. The weight of authority is that the jurisdiction of courts of chancery to construe wills is simply an incident of the general jurisdiction

VOL. I—4*

over trusts, and that a suit will not be entertained which is brought solely
for the purpose of interpreting the provisions of the will without any fur-
ther relief, or when the will makes no attempt to create any trust relations
with respect to the property donated.   Even by courts which take a more
enlarged view of the jurisdiction, it is held that a suit will not be entertained
to construe a will upon a state of facts which has not yet arisen, nor upon
a matter which is future and uncertain, nor unless the construction will de-
termine and direct some present or continuing act or conduct of the execu-
tor or trustee; 3 Pomeroy's Equity, secs. 1156 and 1157 ; *Rothgeb* v. *Mauk*,
35 Ohio St. 503.   In the case of *Collins* v. *Collins*, 19 Ohio St. 468, it is
held that an action brought for the mere purpose of obtaining the opinion
of the court upon the construction of a will cannot be maintained in cases
where no trust is involved.   In the case of *Corry* v. *Fleming*, 29 Ohio St.
147, it is held that when no trust is involved, and no advice or guidance to
an executor or other trustee is required, parties claiming under or against
a will cannot maintain an action for the mere purpose of obtaining the
court's opinion as to its meaning or legal effect.   In view of these authori-
ties, the most that can be claimed is that an action can be maintained under
the statute only in cases when a trust is involved, or when the executor has
duties to perform in carrying out the provisions of the will, which require
the guidance or direction of the court.

It is contended by the plaintiffs that a trust is created by the will,
which requires the executors to convert the testator's real estate into mon-
ey, and pay the proceeds thereof to the widow.   This claim is based solely
upon that part of the third clause in which the testator gives to the widow
"the proceeds of my real estate."   To determine whether a trust is created,
or whether such a duty is imposed upon the executors by the will as is
claimed, it is necessary to ascertain what is meant by the words " proceeds
of my real estate."   These words in themselves have no well defined legal
meaning.

In *Thompson's Appeal*, 89 Pa St. 36, the court say :   " The word
" proceeds " is a word of equivocal import.   Its construction depends very
much upon the context and the subject-matter to which it is applied.   If a
testator should direct his property to be sold and the proceeds to be disposed
of in a certain manner, no one could doubt that the whole corpus or prin-
cipal was intended.   Should he order it to be rented or invested, then 'pro-
ceeds' would necessarily be limited to the net income, especially if the in-
terest was given for life only."   In this will the testator devises to his wid-
ow the proceeds of his real estate.   There is no residuary clause, and no
other clause which contains any reference to any other disposition of his
real estate, near or remote.   There is no direction that the real estate shall
be sold, nor that anything shall be paid out of the proceeds, and no author-
ity or control of any kind is given over the real estate to the executors.
There is simply a direct devise to the widow of the proceeds of the real es-
tate, and that is all.

The great weight of authority is that a devise of the rents and profits
of land or of the income of land is a devise of the land itself, and carries
the legal as well as the beneficial interest therein.   The devise will be for
life or in fee, according to the limitations expressed in the devise, and when
the devise is unlimited, it vests in the devisee an absolute title in fee.   *Da-
vis* v. *Williams*, 85 Tenn. 646; *Drusalow* v. *Wilde*, 63 Pa. St. 170; *Bowen*
v. *Swander*, 121 Ind. 175 ; *Mannex* v. *Greener*, 14 Equity Cases, (L. R.)
456.

In the case of *Carlyle* v. *Cannon*, 3 Rawle, 488, it was held that a devise of the third part of the proceeds of an estate is equivalent to a devise of a third part of the estate itself.

In the case of *Hunt* v. *Williams*, 126 Ind. 493, it was held that a devise to the wife of one-half of the proceeds of a farm vested in the widow, an interest in land. The court say: "The word 'proceeds' is one of equivocal import and of great generality. It does not necessarily mean money, its meaning in each case depending very much upon the connection in which it is employed and the subject-matter to which it is applied. Here was a direct devise to the widow, no trust was created, and no duty was laid upon any one to take possession of the farm, and render it productive of income. A devise of the proceeds of real estate is not materially different from a devise of the income, and the rule is that a devise of the income of land carries an estate in the land."

In the case of *Crain* v. *Wright*, 114 N. Y. 307, the testator gave fifty acres of land to his widow to have and to hold for her benefit and support. The statute of New York provides that upon a devise of land, all the estate of the testator passes unless an intent to pass a less estate is necessarily implied. It was held that no intent to pass a less estate than a fee could be necessarily implied in the terms of the devise, and that the widow took a fee. Our own statute (section 5970, Rev. Stat.,) is similar. It provides that every devise of lands, tenements or hereditaments shall be construed to convey all the estate of the devisor therein, *unless it shall clearly appear by the will that the devisor intended to convey a less estate.*

In the case of *Collier* v. *Grimesey*, 36 Ohio St. 21, Judge WHITE in delivering the opinion of the court, says: " We do not question that a devise of the rents and profits or of the profits and benefits of land without qualification or limitation will impliedly carry the fee, but such terms cannot be held to carry the fee *when it appears from other parts of the will that the fee is otherwise disposed of.*"

Independently of some statutory provision the executor has no power to sell land unless he is directed by the will to do so either expressly or by implication. No authority is cited that such power is implied solely from a devise to another of the proceeds of land, and it does not appear that such power is needed to carry out any of the provisions of the will. It is sufficient to say for the purposes of this case that no trust is created by the devise to the widow of the proceeds of the testator's real estate, and that the will imposes no duties upon the executors with reference to the real estate. The real question sought to be determined in this action, namely, whether the widow has the fee of the land, as claimed by her, or only a life estate with remainder to the daughter, as claimed by the daughter, is a question solely between the widow and daughter, and one with which the executors have no concern. In the case of *Rhea* v. *Dick*, 34 Ohio St. 420, it was held that a person in possession of real property may maintain an action to quiet his title against a person who claims an estate or interest in the property adverse to the title of the party in possession, and that it is not necessary that the adverse claim should relate to or affect the right of present possession. In that case the claim of the defendants was to a vested remainder in fee, subject to a determination of a life estate in the plaintiff, and the action was held to be rightly brought. Whether under the authority of that case, the widow may bring an action to quiet her title against the adverse claim of the daughter, it is not necessary to decide; but for reasons already stated, my conclusion is that no binding judgment can be rendered in this

action as to the proper construction of the will. The petition is therefore dismissed on the ground that the court has no jurisdiction of the subject of the action.

*J. W. Cummings*, for plaintiffs.

*J. K. Hamilton,* for defendant, Libbie M. Isherwood.

(Report reprinted from *Toledo Legal News,* approved by Judge PUGSLEY.)