MEYER v. EICHENBAUM, EXECUTOR.

4-5361                                      124 S. W. 2d 830

Opinion delivered February 6, 1939.

Jay M. Rowland, for appellant.

Murphy & Wood and E. Chas. Eichenbaum, for appellee.

BAKER, J. The appellant filed his suit in the chancery court of Garland county, seeking the construction of a will made by his father, and, upon a determination of the issues against his contentions, this appeal has been prayed.

It may be said in the beginning of our discussion of this case that apparently the appellant has assumed that it is the duty of the appellate court to explore the record and to determine from such exploration if there are errors to justify interference. Such is not the rule. The appellant has the burden, that may not be evaded, of showing that there is error, or an affirmance should follow.

In this case appellant presents a portion of paragraph seven of the will and asks for our construction or interpretation of that part of the will, without showing its connection with any other portion of it. In fact, from appellant's abstract we cannot determine whether there is anything else in the will. That portion presented is as follows:

"The trustee is specifically authorized to make a loan, or to purchase outstanding notes thereon and received the assignment thereof, upon the brick building at Chapel and Central avenues, Hot Springs, Arkansas,

of which my son-in-law, David Lockwood, is part owner, in the event that such loan is made thereon, interest notes at the rate of six (6) per cent. per annum, and payable monthly, shall be executed on such advance, one-half of the proceeds of said notes to accrue directly to my son, Harry Meyer, and the other one-half (½) of the proceeds of said note to accrue directly to my daughter, Flora Lockwood; in order to insure the prompt payment thereof, my trustee is authorized and directed to take a mortgage on said building, in accordance with the usual practice at law, said mortgage, however, shall be renewable from term to term thereof by the mortgagee at his option, and with the concurrence of the trustee.''

The interpretation or construction that appellant places upon this portion of the will is that the word ''proceeds,'' as it appears in the above-quoted portion must be taken to mean the entire amount of the notes executed as evidence of the money loaned. The rule is that in the construction of wills all parts of it must be construed together, and that construction must be given which will harmonize one part with another when susceptible of such construction. Appellee has set forth a additional portion of the will which seems to be to the effect that it was the intention of the testator to create a trust estate, and that his wife would be supported by the income or proceeds therefrom; that from this trust estate a loan was to be made upon certain property in Hot Springs, to the son-in-law of the testator and from the proceeds of this loan the wife, one of the beneficiraies in the will, was to be supported during her lifetime, and upon her death these proceeds, or income from this loan should be divided according to the provisions of the will in which division the appellant would receive 50. per cent. The appellee does not set out the whole will, but has set out that part of the same to indicate very clearly, we think, that appellant's contention, as to that portion of the will copied by him, is not the correct one. Numerous authorities are cited to show that in testamentary matters the word ''proceeds'' has frequently been held to indicate income or interest, and, no doubt, it is sus-

ceptible of that meaning and should have that interpretation when the context justifies it and, no doubt, only in those cases in which the context indicates a different idea or meaning, should it be given that construction or interpretation.

These remarks are not made by way of interpretation of the will or of any part of it, but more nearly by way of speculation as clearly indicating that appellant may not insist upon a particular construction or interpretation from the meager portion above copied. Some of the authorities in regard to the interpretation of the word "proceeds" in testamentary matters are as follows:  Appeal of Roberts, 92 Pa. 407; Appeal of Thompson, 89 Pa. 36; *Hunt* v. *Williams,* 126 Ind. 493, 26 N. E. 177; *Browning* v. *Ashbrook's, Executor,* 175 Ky. 755, 195 S. W. 105.  Many other authorities are to the same effect.

The foregoing indicate pretty clearly that the trial court may have properly given the interpretation or construction of the portion of the will in controversy, and for that reason the case should be affirmed.

It is also clear that there has been omitted by the appellant and not supplied by the appellee the larger part of the will, a stipulation as to the facts, the pleadings, nor is there set forth in this abstract, upon appeal, any statement of the effect of the decree of the trial court, except that it is against the contention of the appellant.

For all these reasons we are impelled to hold there is no error shown.  Upon failure to abstract the record under rule 9, the case should be affirmed.  It is, therefore, so ordered.