GATES *v.* MORTGAGE LOAN & INSURANCE AGENCY, INC.

4-5897 139 S. W. 2d 19

Opinion delivered April 8, 1940.

*Owens, Ehrman & McHaney,* for appellant.

*Bradley & Patton,* for appellee.

MEHAFFY, J. Ferdinand Gates, on June 18, 1903, made a will disposing of his property and appointing executors and trustees, as follows: His three sons, Elias, V. A., and J. M. Gates, and Max Mayer of Little Rock, the executors of his last will and testament. His will provided for certain specific legacies, and provided that

his executors should continue in operation of the business of his two stores at DeVall's Bluff and Lonoke, Arkansas, until the close of the ensuing winter after his death so as to not embarrass or inconvenience his customers and patrons, and also to enable the executors to realize the largest possible amount on the debts owing to him in said two stores and the assets invested there. He provided, however, that if his death should occur either in the month of December or January, then the business of the two stores should be discontinued by the first day of April next succeeding. It was provided that his real estate was devised to the executors upon certain trusts, which he named. It was provided that the executors should sell his lands either for cash or on short or usual credits with such speed and in such quantities and parcels as will enable them to obtain fair and reasonable prices therefor. It was provided that under certain conditions they might exchange lands or purchase other lands, and they were authorized to sell any of the lands belonging to his estate.

The testator, in his will, also appointed his son, Elias Gates, trustee for the moneys and properties going to infants, and directed him to manage and control this property during their minority. He also appointed his son, Elias Gates, counsel and legal adviser of the executors and trustees.

On June 18, 1903, the testator made a codicil, making certain changes in his will. The last codicil to his will was made on February 24, 1909. Ferdinand Gates died on July 20, 1909, and his will was thereafter probated.

The three adult sons, Elias, V. A., and J. M. Gates, operated the business as partners until February 15, 1929, when these three sons joined in a deed of trust conveying their interest in the lands of the trust estate to F. W. Neimeyer, trustee, for various creditors of the Gates Mercantile Company. The executors and trustees under the will of Ferdinand Gates joined in the execution of this deed of trust. The interest of the other heirs was not involved.

Early in 1930 suit was brought to foreclose the deed of trust. All the heirs, executors and trustees, were parties to this suit. There was a sale of the property under the foreclosure suit, and the appellee, Mortgage Loan & Insurance Agency, Inc., became the purchaser and received a commissioner's deed on January 6, 1939, thereby acquiring title to one-half interest in that part of the Ferdinand Gates estate formerly owned by Elias, V. A., and J. M. Gates.

The present suit was instituted on July 10, 1939, for a partition of the property belonging to the Gates estate, and it was asked in the prayer that if it be found that the same are not susceptible of division in kind, the same be sold and the proceeds of the sale divided among the parties according to their respective interests.

Answer was filed, and the following agreed statement of facts introduced: "It is hereby stipulated and agreed by and between the parties to this suit, the plaintiffs being represented by Bradley & Patten, their attorneys, and the defendants by Owens, Ehrman & McHaney, their attorneys, as follows, to-wit:

"That Victor A. Gates, Elias Gates, J. M. Gates, Mayer F. Gates, Clara Samish and Florence Silberberg are all of the children of Ferdinand Gates, deceased, who died testate on the 20th day of July, 1909; that the will of the said Ferdinand Gates, deceased, was duly admitted to probate by the probate court of Lonoke county, State of Arkansas, on the 6th day of September, 1909, and is now duly recorded in Will Record Book B, at pages 279 to 294 of the records of said probate court of Lonoke county, Arkansas, and that said will was likewise admitted to probate in Shelby county, Tennessee; that all of the specific bequests mentioned in said will have been paid; that said Victor A. Gates, Elias Gates, J. M. Gates, Mayer F. Gates, Clara Samish and Florence Silberberg are the residuary legatees of the said Ferdinand Gates, and that each was or is entitled to one-sixth interest in said residuary estate. The attached copy is a true and correct copy of the will of the said Ferdinand Gates

recorded in Lonoke county, as set forth above and is made a part of this stipulation as 'Exhibit A.'

"It is further stipulated and agreed that the properties sought to be partitioned in this action constitute the remainder of the residuary of the said Ferdinand Gates, deceased.

That on the 7th day of March, 1927, the Gates Mercantile Company was indebted to the following named creditors for the amounts set opposite their respective names, as follows, to-wit:

| | |
|---|---:|
| Bankers Trust Company | $58,356.05 |
| Bank of Commerce & Trust Co. | 28,581.08 |
| Union & Planters Bank & Trust Co. | 57,542.92 |
| Manhattan Savings Bank & Trust Co. | 16,925.92 |
| Lonoke County Bank | 2,500.00 |
| Scott-Mayer Commission Co. | 3,969.34; |

that Elias Gates, J. M. Gates, and Victor A. Gates were indorsers on all of the promissory notes evidencing said indebtedness and their liability thereon was joint and several; that on said date all of said notes were past due and payable; that the time of payment of the said above described indebtedness was renewed and extended to February 15, 1929, on which date Victor A. Gates and his wife, Imogen Gates, J. M. Gates and his wife, Beatrice Gates, Elias Gates and his wife, Theresa Gates, joined with Victor A. Gates, J. M. Gates, Elias Gates, and Max Mayer as executors and trustees under the last will and testament of Ferdinand Gates, deceased, in the execution of a deed of trust wherein the undivided interests of the said Victor A. Gates, J. M. Gates, and Elias Gates in the lands embraced in this action, along with other property since sold and the proceeds distributed, was mortgaged to F. W. Neimeyer, trustee for said creditors above named to secure the payment of sums due said creditors as follows, to-wit:

"$58,355.80 due Bankers Trust Company, Little Rock, Arkansas, evidenced by a note for said sum dated 15th day of February, 1929, and due the 31st day of December, 1929;

"$28,576.61 due Bank of Commerce & Trust Company of Memphis, Tennessee, evidenced by a note for

said sum dated 15th day of February, 1929, and due the 31st day of December, 1929;

"$44,097.94 due Union Planters Bank & Trust Company, Memphis, Tennessee, evidenced by a note for said sum dated February 15, 1929, and due the 31st day of December, 1929;

"$16,884.72 due Manhattan Savings Bank & Trust Company of Memphis, Tennessee, evidenced by a note for said sum dated February 15, 1929, and due the 31st day of December, 1929;

"$2,558.31 due Lonoke County Bank, Lonoke, Arkansas, evidenced by a note for said sum dated February 15, 1929, and due the 31st day of December, 1929;

"$4,194.03 due Scott-Mayer Commission Company, Little Rock, Arkansas, evidenced by a note for said sum dated the 15th day of February, 1929, and due the 31st day of December, 1929.

"That due to the non-payment of said indebtedness at its maturity the said F. W. Neimeyer, trustee, and the creditors above named filed suit in the Lonoke county chancery court to foreclose said undivided interests, said suit having been filed in the early part of 1930; that after the filing of said complaint and before requesting the court to direct the sale of said lands for the payment of said debts, Victor A. Gates died on the 6th day of May, 1937, J. M. Gates died on the 12th day of June, 1930, Elias Gates died on the 10th day of October, 1929, and the foreclosure suit named Emmanuel Safferstone, executor of his said estate as a party defendant;

"That during the time said foreclosure proceedings were pending a receiver was appointed who supervised said properties and who with the approval of the parties and the court sold a number of tracts of the said land;

"That the attached copy marked 'Exhibit B' is a true and correct copy of a decree entered by the court on the 20th day of March, 1936, and which is now of record in Chancery Record Book N at page 247 in the office of the chancery clerk in and for Lonoke county, Arkansas; that all of the parties were *sui juris* and all agreed thereto; that no appeal was taken therefrom;

"It is further stipulated and agreed that a decree was rendered by the Lonoke chancery court on the 7th day of October, 1938, directing the sale of said undivided ½ interest in the lands and personal property as described under the deed of trust hereinabove described unless the debt thereby secured was paid within 30 days;

"That said debts were not paid and Albert G. Sexton, after said property had been advertised as required by law, proceeded to sell same; that an undivided ½ interest in and to the lands and personal property sought to be partitioned in this action and representing the undivided 1/6 interest each in said estate owned by Victor A. Gates, J. M. Gates and Elias Gates was sold at public sale to Mortgage Loan & Insurance Agency, Inc.; that on the 6th day of January, 1939, the said Albert G. Sexton conveyed by commissioner's deed in regular form, said undivided ½ interest to said Mortgage Loan & Insurance Agency; that said deed has been duly filed for record in the office of the circuit clerk and recorder in and for Lonoke county, Arkansas, in Record Book No. 98, at page 567 and has been recorded in the offices of the circuit clerk and recorder of both the Northern and Southern districts of Prairie county, Arkansas, in Book No. 16, page 394, and Book No. 16, page 435, respectively;

"It is further stipulated and agreed that the ownership of the said claims as set forth in the decree rendered by the court on March 20, 1936, recorded in Book N, page 247, and shown as "Exhibit B" to their stipulation has been changed and the correct status of said claims at this time is as follows:

| | | |
|---|---:|---:|
| Bancor Corporation | $57,994.75 | 37.70% |
| Bank of Commerce & Trust Company | 28,409.59 | 18.47% |
| American National Bank | 43,928.39 | 28.56% |
| J. B. Witherington, prior Assignee, and the American National Bank, Secondary Assignee | 16,783.41 | 10.91% |
| W. T. Williamson, Assignee | 2,541.94 | 1.65% |
| Scott-Mayer Commission Company | 4,169.99 | 2.71% |
| | $153,828.07 | 100. % |

"That Mortgage Loan & Insurance Agency, Inc., is the trustee for said properties purchased by them at the foreclosure sale above described, for the use and benefit of the above named for the percentage set opposite their respective names;

"That under the power and authority in the will of Ferdinand Gates, deceased, the only surviving children, Mayer F. Gates, Clara Gates Samish, and Florence Gates Silberberg on July 9, 1937, filed in the Lonoke chancery court an instrument designating Jacob Mayer, Richard Gates, and Mayer F. Gates, as Trustees in Succession, the other trustees all having passed away.

"It is hereby stipulated and agreed by and between the parties to this suit, the plaintiffs being represented by Bradley & Patten, their attorneys, and the defendants by Lasker Ehrman, their attorney, as follows, to-wit: that

"The copy marked 'Exhibit A' attached to the answer of the defendants, is a true and correct copy of the will of Ferdinand Gates, deceased, recorded in Will Record Book B at pages 279 to 294 in the records of the probate court of Lonoke county, Arkansas.

"The copy marked 'Exhibit B,' attached to the answer of the defendants, is a true and correct copy of the decree entered by the court on the 20th day of March, 1936, and which is now of record in Chancery Record Book N at page 247 in the office of the chancery clerk in and for Lonoke county, Arkansas.

"This supplemental agreed stipulation of fact is to eliminate the necessity of attaching to the agreed stipulation of facts the exhibits described therein, as they are a part of the pleadings of defendants."

There was a further stipulation by the parties that the interests of Mayer F. Gates, Clara Samish, and Florence Silberberg, were never pledged, and that the plaintiffs have no claim or lien against the interests of the defendants in the estate of Ferdinand Gates. It was further stipulated that certain banks named became insolvent and that the claims were transferred to others.

They further set out certain provisions or sections of the will in their stipulation.

The court entered a decree in favor of the appellees in which it was stated: "The court, being well and sufficiently advised as to all matters of fact and law arising herein, and the premises being fully seen, doth find that the issues raised by the defendants have already been decided adversely to them and that said matter is· *res judicata.*" The court held that the plaintiffs in the court below were entitled to a decree partitioning the property.

The will of Ferdinand Gates created a trust. However, we deem it unnecessary to discuss when and how a trust might or should be terminated, since we hold that the case referred to by the chancellor is *res judicata.*

When Mr. Gates made his will, some of his children were minors. He died in 1909, more than 30 years ago. His children are all of age, and were all parties to the foreclosure suit, and also all of the trustees and executors were parties. It is true that was a foreclosure suit, but the court had a right, since it had jurisdiction for one purpose, to grant all the relief, legal or equitable, to which the parties were entitled.

"When a case is properly brought in a court of equity, under some of the known and accustomed heads of jurisdiction, and the question of the construction of a will incidentally arises, the court has jurisdiction to construe the will in order to afford the relief to which the parties are entitled. This is on the theory that, where a court of equity has obtained jurisdiction for any purpose, it is empowered to determine all questions that may arise in the progress of the case and to do complete justice." *Wasson, Bank Commr.,* v. *Dodge, Chancellor,* 192 Ark. 728, 94 S. W. 2d 720.

In the decree of March 20, 1936, of the Lonoke chancery court, it is stated: "Upon consideration of said will of Ferdinand Gates, counsel for defendants agreeing with such construction, the court is of the opinion, and so adjudges, that said will does not restrict the power of the

beneficiaries of the trust therein created to alienate the properties and proceeds thereof that they were respectively entitled to receive under the trust created by the will, or otherwise, and that each of them could make a valid conveyance of such interest. And it appearing from the agreement of counsel made in open court that at the time of the execution of said trust deeds, all the beneficiaries of said will were *sui juris,* and capable of executing contracts and conveyances of any property, or interest in property, or the proceeds thereof, owned by them, it is, therefore, adjudged and decreed by the court that said trust deeds are valid instruments and create liens, according to the terms and provisions thereof.''

The parties in the suit of March 20, 1936, were all the persons interested in the will of Ferdinand Gates. They were all of age and there was no appeal from that decree.

''The doctrine of *res judicata* is a principle of universal jurisprudence forming part of the legal systems of all civilized nations. It may be said to inhere in them all as an obvious rule of expediency and justice. Briefly stated, this doctrine is that an existing final judgment or decree rendered upon the merits, and without fraud or collusion, by a court of competent jurisdiction, upon a matter within its jurisdiction, is conclusive of the rights of the parties, or their privies, in all other actions or suits in the same or any other judicial tribunal of concurrent jurisdiction, on the points and matters in issue in the first suit.'' 15 R. C. L., p. 949, § 429.

''The judgment or decree of a court of competent jurisdiction upon the merits concludes the parties and privies to the litigation and constitutes a bar to a new action or suit involving the same cause of action either before the same or any other tribunal. (2) Any right, fact, or matter in issue, and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or de-

mand, purpose, or subject-matter of the two suits is the same or not." 34 C. J. 742, § 1153.

The parties being the same and the subject-matter being the same, the decree of March 20, 1936, *supra,* is *res judicata.* Affirmed.