MEYER v. EICHENBAUM, EXECUTOR.

4-6342                                    150 S. W. 2d 958

Opinion delivered May 5, 1941.

*Walter J. Hebert* and *Jay M. Rowland,* for appellant.

*Murphy & Wood* and *E. Charles Eichenbaum,* for appellee.

MEHAFFY, J.   The appellant, Harry Meyer, on April 18, 1940, filed a petition for additional and further construction of the will of S. Meyer, deceased, in Garland chancery court.   The original petition mentioned in the petition in this case was filed on November 30, 1937.

A decree was entered by the chancery court in favor of the executor, and among other things stated in the decree, that the plaintiff, as trustee, shall continue with the distribution of said income payments therefrom. The court had already decided that the $18,500 involved here was a part of the trust estate and should be distributed in accordance with the directions of the will.

The appellant here prosecuted an appeal in the former case to this court, and the decree of the chancellor was affirmed.   The opinion in the former appeal is *Meyer* v. *Eichenbaum, Executor,* 197 Ark. 650, 124 S. W. 2d 830.

When the petition was filed in the instant case, demurrers were filed; the court sustained the demurrers, and Meyer prosecuted this appeal.

The plaintiff filed as exhibits to his petition a copy of the will of S. Meyer, deceased, and the decree of the Garland chancery court in the original case, the case which was appealed to this court and affirmed in 197 Ark. 650, 124 S. W. 2d 830.

440

It was contended in the former case by the appellant that the word "proceeds" must be taken to mean the entire amount of the notes executed as evidence of the money loaned. The appellee contended that it was the intention of the testator to create a trust estate, and that his wife would be supported by the income or proceeds during her lifetime, and upon her death the proceeds or income from this loan should be divided according to the provisions of the will, in which appellant would receive 50 per cent.

The appellant contended that when the $18,500 loan was paid, he should receive 50 per cent. of it. The appellee contended that it belonged to the trust estate and he should receive the income or interest.

In the instant case the same question is involved. It is here contended by appellant that under the provisions of the will such part of the trust estate, consisting of the loan of $18,500, was to be divided and the appellant was to receive 50 per cent. thereof, and that said trust ends and terminates at the time the said loan falls due and payable.

We think that the judgment of the court in the first case is conclusive of the rights of the parties in this case. 15 R. C. L., § 429, p. 949, gives the following statement of the doctrine of *res judicata*: "The doctrine of *res judicata* is a principle of universal jurisprudence forming part of the legal systems of all civilized nations. It may be said to inhere in them all as an obvious rule of expediency and justice. Briefly stated, this doctrine is that an existing final judgment or decree rendered upon the merits, and without fraud or collusion, by a court of competent jurisdiction, upon a matter within its jurisdiction, is conclusive of the rights of the parties or their privies, in all other actions or suits in the same or any other judicial tribunal of concurrent jurisdiction, on the points and matters in issue in the first suit."

The two main rules of the doctrine of *res judicata* are stated in 34 C. J. 743, as follows: "(1) The judgment or decree of a court of competent jurisdiction upon the merits concludes the parties and privies to the liti-

gation and constitutes a bar to a new action or suit involving the same cause of action either before the same or any other tribunal. (2) Any right, fact, or matter in issue, and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject-matter of the two suits is the same or not.''

The chancery court is a court of competent jurisdiction. The judgment there was upon the merits, and the parties are the same in the instant suit as in the original suit. The matter argued here was an issue and directly adjudicated upon and was necessarily involved in the determination in the chancery court in the former case. Under all the authorities, where the judgment is upon the merits, the parties the same, the subject-matter the same, and the issue the same, the former judgment constitutes a bar to a new action.

For a discussion of the doctrine of *res judicata* see *McCarroll, Commissioner of Revenues* v. *Farrar*, 199 Ark. 320, 134 S. W. 2d 561. Also, see *Gates* v. *Mortgage Loan & Ins. Agency, Inc.*, 200 Ark. 276, 139 S. W. 2d 19.

The parties being the same and the subject-matter being the same, the decree of the chancery court in the original case affirmed by this court in 197 Ark. 650, 124 S. W. 2d 830, is conclusive.

Affirmed.