## WOOLDRIDGE v. HOTZE.

4-8786                                    219 S. W. 2d 216

### Opinion delivered April 4, 1949.

*J. H. Carmichael, Jr., J. H. Carmichael, Sr.,* and *Donham, Fulk & Mehaffy,* for appellant.

*House, Moses & Holmes,* for appellee.

HOLT, J. Peter Hotze died testate in April, 1909. Under the terms of his will, executed September 27, 1907, he devised all his real estate in trust for the purpose of paying the income therefrom to his three children during their lives with the *corpus* to be delivered to his grandchildren upon the death of his three children

and "after the youngest living child . . . born to either . . . said children shall arrive at the age of 21 years." The will further devised to the trustee $15,000 in money or securities. . . . "He shall invest, reinvest, and keep invested the $15,000 herein given him in trust, in good and safe securities, so that he may at all times have a fund with which to make or pay for improvements upon said property, which to him may seem best. The occasion for using any part of said fund shall be at the discretion of my said son and trustee.

"In case said fund shall be reduced below $15,000 at any time or exhausted by its use aforesaid, then he shall annually set apart $1,500 from the new income of said property, real and personal, for the purpose of reestablishing said fund, until it shall aggregate the sum of $15,000. . . .

"It is the purpose of this will to preserve my real property not specifically described herein, united, and to keep a fund as above provided out of which the same can be at any time improved, when it shall become necessary in the judgment of my said trustee to make any improvement thereon and to divide the net annual income arising from said property, real and personal, in equal parts among my said children during their natural lives respectively, it being understood that the lawful issue of any deceased child shall represent and take the share of the deceased parent, the same as such parent would do if living."

In 1937, the trustee in succession filed suit in which he asked for instructions, under the terms of the will, relating to the creation of the special fund in the amount of $15,000 or for a construction of the will in this regard. His petition was heard by the court and all beneficiaries or interested parties were present, including appellants, Clara Wooldridge and Peter Wooldridge, in person or by attorney. At the conclusion of the hearing, the court, among other things, decreed:

"It is further found that between the time the said Peter Hotze, deceased, made his will and the time of his

death, the condition of his estate had substantially changed, and at the time of his death he did not have $15,000 in securities to leave to Frederick Hotze, the trustee under his will, for the purpose of making improvements on the property; and that provision in his will is construed as having contemplated that amount of securities would be passed to the trustee for the purpose of making improvements on the property, and that unless it was so passed to the trustee by the testator, the trustee was not required thereunder to build up the said sum of $15,000 out of income; and Emmet Morris, Trustee, is instructed not to build up said $15,000 for improvements out of income by setting aside from income the sum of $1,500 annually, or otherwise.''

Thereafter, acting in accordance with the above decree, the trustee in succession has never attempted to create the said $15,000 fund, but has distributed the income to all beneficiaries, including appellants.

January 10, 1948, the present litigation arose upon the filing of a petition by the trustee in succession in which he asks for instructions whether he should charge certain expenses which he had incurred in repairing the roof, amounting to $1,149, and rebuilding the foundation and wall at a cost of $4,454.29, of a certain building, held in trust, to income, and thus to the life tenant under the trust, or to the *corpus* of the estate, and thus to the remaindermen.

Appellants alleged that the 1937 decree, *supra,* was erroneous, and that it was the duty of the trustee to build up the fund of $15,000 and to maintain it at that level at all times thereafter and prayed that the court order that said fund be established and maintained in accordance with the testator's will, and that the cost of the wall and repairs be charged to income and not to the *corpus.*

The trustee alleged that all questions presented were now *res judicata* by reason of the decree, *supra,* of the court on April 9, 1937, and that the cost of said improvements, permanent in nature, should be paid out of the *corpus.*

Upon a hearing the court found and decreed: "It appearing to the Court that the trustee has asked for instructions as to how to charge the expense incurred in reconstructing the east wall of the building located at the corner of Second and Main Streets and the cost of placing a new roof thereon; that Clara Wooldridge and Peter Wooldridge have raised a question of the construction of the will of Peter Hotze, deceased, as provided under the terms of the will of Peter Hotze, deceased.

"It appearing to the Court that in March, 1937, in a controversy between the same parties hereto, Case No. 51366, after a full hearing, this Court, on April 9, 1937, entered an order with respect to the $15,000 and, in that respect the Court found as follows: (Here is embodied the excerpt from the 1937 decree, *supra*.)

"It further appearing to the Court that the testimony taken in 1937 was introduced as part of the record in this hearing, and it appears to the Court that the condition of the Peter Hotze estate is practically similar to the conditions in 1937; Mr. Morris, the Trustee, at both hearings testified that the estate had considerable cash on hand in addition to the land. It does not appear that there is any substantial difference in the Estate of Peter Hotze in this respect at the time of the hearing in 1937 and at the present date.

"The parties all assented to the order entered in 1937 with respect to the said fund; the $15,000 fund was not set up by the trustee for the purpose of repairs, and all the income has been divided between the beneficiaries since that in accordance with said order; and, under these circumstances the Court finds that all the respective parties to this controversy are bound by said order."

It is, therefore, ordered and decreed: "1. That Emmet Morris, as Trustee, is instructed not to build up the $15,000 fund; 2. That the cost of the roof, amounting to $1,149, should be charged to income collectible during the year 1948, by the trustee; 3. That the trustee convert sufficient assets belonging to the *corpus* to pay the cost of constructing a brick wall, amounting to

$4,454.29; 4. That the cross complaint of Clara Wooldridge, *et al.,* be and the same is hereby dismissed for want of equity.''

This appeal followed.

We hold that the trial court correctly held that the issues now presented are *res judicata* by reason of the 1937 decree, *supra.* Appellants were bound by the construction placed on the will by the Court in that decree. It is undisputed that at the time that decision was rendered appellants were parties, consented to that decree, and have acquiesced in the court's construction of the will for more than 10 years thereafter.

In the recent case of *Meyer* v. *Eichenbaum, Executor,* 202 Ark. 438, 150 S. W. 2d 958, in which the doctrine of *res judicata* was considered and applied, we said: ''The chancery court is a court of competent jurisdiction. The judgment there was upon the merits, and the parties are the same in the instant suit as in the original suit. The matter argued here was an issue and directly adjudicated upon and was necessarily involved in the determination in the chancery court in the former case. Under all the authorities, where the judgment is upon the merits, the parties the same, the subject-matter the same, and the issue the same, the former judgment constitutes a bar to a new action.

''For a discussion of the doctrine of *res judicata* see *McCarroll, Commissioner of Revenues* v. *Farrar,* 199 Ark. 320, 134 S. W. 2d 561. Also, see *Cates* v. *Mortgage Loan & Ins. Agency, Inc.,* 200 Ark. 276, 139 S. W. 2d 19.''

The Supreme Court of Connecticut, in pointing out the grounds for upholding a former decree in which the provisions of a will were construed, in the case of *Farnam* v. *Farnam,* (1910) 77 Atl. 70, said: ''To the extent that this judgment established the construction of the will, or declared its operative effect in matters concerning which there were or are existing rights and interests, it was a judicial declaration which we ought not to disturb, whatever our conclusions might be upon the questions decided, were they now presented for the first time. The parties interested have for these many years, doubt-

less, regulated their lives and their affairs in conformity to it, and all those and their privies whose rights as between each other were thereby directly fixed and determined acquired property rights which became vested in them by the court's action. (Citing many cases.)

"We are thus enabled to begin our inquiries with certain premises fixed. In so far as the questions presented to us are but repetitions in another form of those heretofore adjudicated, we have only to reassert what was then said. In so far as our advice is asked for the purpose of having a formal declaration concerning conditions not directly passed upon before, but which involve as factors in them conclusions embodied in the former judgment, or underlying it, it is our manifest duty to accept the former conclusions as fixing the law of the instrument in so far as they go, and thus pursue the only course which can make the operation of the will consistent throughout, and deal with the rights and interests of all parties upon an equal basis." See, also, 136 A. L. R. 1184.

In 57 Am. Jur., § 1034, p. 670, the text writer says: "Application of Rule of *Res Judicata.*—Problems relating to the conclusiveness of judgments or decrees in actions or proceedings involving the construction of wills may, for the most part, be solved by the application of a few of the universally recognized principles relating to the doctrine of *res judicata* generally; other things being equal, a judgment rendered in such an action or suit is as conclusive on the rights of the parties thereto as it would be in any other litigation."

Finding no error, the decree is affirmed.

Justice GEORGE ROSE SMITH not participating.