John Cecil CASH and Bobbie CASH, His Wife
*v.* Harvey H. CASH et al

81-20                                    629 S.W. 2d 298

Supreme Court of Arkansas
Opinion delivered March 15, 1982
[Rehearing denied April 12, 1982.]

*James W. Haddock,* for appellants.

*Charles S. Gibson,* of *Gibson Law Offices,* for appellees.

PER CURIAM. This appeal is brought from an order of the Desha Chancery Court granting the partition of land in Desha County (Case No. 80-19). The issue on appeal is whether the chancellor is barred from granting partition by the decree of an earlier suit (Case No. 76-61) denying partition of the same property.

A. C. Cash, a widower, owned the property in issue when he died testate in March, 1969, survived by ten children. From the record, we conclude that Cash's will made no specific devise and title was treated as having descended to the heirs rather than vesting under the will, each inheriting an undivided one-tenth interest in the property. A provision of the will reads:

I hereby direct that my lands be held in tact for a period of twenty years after the date of my decease and that during such time said lands shall not be sold, pledged, or mortgaged; and CONDITIONED FURTHER, HOWEVER, should any of my said children desire to sell his or her share of my land at the end of twenty years, such child shall give each and every one of my other children a privilege to purchase said interest in said lands, for a period of 60 days at such bona fide price or offer as said child may recover for such undivided interest in my lands from such outside person.

In the earlier suit (76-61), brought by nine of the Cash heirs against the tenth (appellant), the chancellor denied partition. His denial was not based on the testamentary restraint against alienation but on a finding the heirs, by their conduct, had acquiesced in the alienation provision and, consequently, were estopped from partitioning the property.

In 1979 Verna Morrison, one of the nine petitioners in the original partition suit, died intestate leaving five children, each of whom became seized of an undivided one-fiftieth interest in the property in fee. The children of Verna Morrison were not parties to the earlier suit but are parties to the pending suit seeking partition.

Referring to the record, we find numerous opposing motions to vacate or modify the decree in 76-61. On July 2, 1980, the chancellor granted appellants' motion to dismiss appellees' suit to partition, holding that the decree in that case was binding on the heirs of Verna Morrison, not on the theory of *res judicata* as appellants contend, but on a finding that different parties and different issues were involved.

Appellees again moved the chancellor to amend or modify the July 2 order and after intervening orders the chancellor found on October 16, 1980, that he still had discretionary control over the issue of whether to dismiss the petition of the Morrison heirs and found the limitation on alienation contained in the will was repugnant, setting aside the order dismissing the petition for partition. Appellants

challenged this order by the chancellor by a motion to modify or vacate, but on November 5, 1980, the chancellor reaffirmed his order by dismissing the motion.

We have had to refer repeatedly to the record in an effort to comprehend the merits of this appeal. It contains a mass of pleadings, motions and orders, reflecting numerous collateral issues·typical of inner-family disputes. Virtually all we have been able to learn of the proceedings below has been gleaned from appellees' brief or from the record itself and even that painstakingly acquired.

Where the appellants' abstract and brief fail to provide a sufficient and coherent explanation of the proceedings before the trial court, and of the pleadings and orders, including the decree relied on, it is impossible to determine whether error has occurred and we are left to presume the chancellor correctly interpreted his own orders. The burden is on the appellants to demonstrate wherein the trial court has committed reversible error. *Wallis* v. *Mrs. Smith's Pie Company,* 261 Ark. 622, 550 S.W. 2d 453 (1977); *Poindexter* v. *Cole,* 239 Ark. 471, 389 S.W. 2d 869 (1965); *Meyer* v. *Eichenbaum,* 197 Ark. 650, 124 S.W. 2d 830 (1939); *Southern National Insurance Company* v. *Williams,* 192 Ark. 1178, 95 S.W. 2d 91 (1936). That burden has not been met in this case; on the contrary, from what we can determine the chancellor was right. The order is affirmed.