Mr. Bob McMahan Prosecutor Coordinator 323 Center Street, Suite 750 Little Rock, Arkansas 72201
Dear Mr. McMahan:
This is in response to your request for an opinion on two questions concerning the disposition of interest on money seized by law enforcement officers. Specifically, you ask the following:
 Pursuant to A.C.A. § 5-64-505(e)(1)(C), when money is seized, placed into an account, and interest accrues, how should the interest be distributed?
 A. If the money is subsequently forfeited, would the interest follow principal and under § 5-64-505(i) be considered" moneys forfeited or obtained by judgment or settlement" and deposited in to the Asset Forfeiture Fund?
 B. If the money is not forfeited, would the interest follow the principal and be returned to the owner?
RESPONSE
Your questions appear to involve the interest generated on funds held by the local law enforcement agency prior to any judicial determination as to the forfeiture of the funds and prior to any deposit into the prosecuting attorney's "asset forfeiture fund." In my opinion the distribution of interest income on the funds in question is not addressed by the relevant statutory scheme. The issue could therefore benefit from legislative clarification. Assuming there is no controlling circuit court order in a given instance, the general rule as to the accumulation of interest is that the interest follows the principal unless lawfully separated therefrom by state statute. Because there is no such statute in this case, it is my opinion that the answers to your questions "A" and "B" are "yes" and "yes."
Pursuant to A.C.A. § 5-64-505(e)(1)(C), when money is seized, placed intoan account, and interest accrues, how should the interest bedistributed?
As an initial matter, I must note that I have previously issued Op. Att'y Gen. 99-366, which discusses the distribution of interest accrued prior to the deposit of forfeited amounts in the State Treasury. At issue in that Opinion was a particularly large forfeiture, some of which, under the relevant statute, was required to be transferred to the State Treasury under A.C.A. § 5-64-505 (i)(1)(B)(4). I concluded that the calculation of the accrued interest in that circumstance was immaterial, because in any event, any balance over $250,000 must be transferred to the State Treasury. It didn't matter how much interest had accrued, because regardless of that amount, any balance over $250,000 was transferred to the State Treasury. I also addressed the accrued interest on the only other sums required to be deposited into the State Treasury, namely the funds designated for deposit in the State Crime Lab Equipment Fund under A.C.A. § 5-64-505 (i)(1)(A)(ii). That subsection requires, once an initial level of forfeiture deposits have been made, twenty percent of any additional forfeited amounts to be deposited into the Crime Lab Equipment Fund. I noted that although the issue was not entirely clear, it appeared that this subsection required only the transfer of twenty percent of the actual "moneys forfeited," and not any interest accruing on such funds.
Your questions delve further back into the forfeiture process. You do not inquire about the transfer of interest from the "asset forfeiture fund" to the State Treasury, as I interpreted the questions posed in Opinion99-366. Your questions address the accrual of interest on funds held by law enforcement agencies prior to the order of forfeiture and whether this interest should, upon forfeiture, be transferred from the law enforcement agency's interest-bearing account to the "asset forfeiture fund" in the first place. You also inquire as to whether, if the court does not order forfeiture, the interest in the law enforcement agency's interest-bearing account should be returned to the owner along with the principal. I will address these questions below.
Question 1 — If the money is subsequently forfeited, would the interestfollow principal and under § 5-64-505(i) be considered "moneys forfeitedor obtained by judgment or settlement" and deposited in to the AssetForfeiture Fund?
Again, as stated above, the relevant statutory scheme does not address the distribution of interest. Section 5-64-505 (e)(1)(C), to which you refer, provides in pertinent part as follows:
 (e)(1) Custody of Property Pending Disposition. Property seized for forfeiture under this section shall not be subject to replevin, but is deemed to be in the custody of the seizing law enforcement agency subject only to the orders of the circuit court having jurisdiction over the property seized. When property is seized under this chapter, the seizing law enforcement agency may, subject to any need to retain the property as evidence:
* * *
 (C) Remove the property to a storage area for safekeeping or, if the property is a negotiable instrument or money, or is not needed for evidentiary purposes, deposit it in an interest-bearing account. . . . [Emphasis added.]
As is evident from the statute above, money seized under A.C.A. §5-64-505 may be placed by the law enforcement agency in an interest-bearing account pending disposition of the judicial forfeiture proceeding. At the conclusion of the judicial proceeding, the court may either order forfeiture of the property, or may order the property immediately returned to the owner. A.C.A. § 5-64-505 (g)(5)(B). If the court orders forfeiture of the money, its disposition is governed by A.C.A. § 5-64-505(i). As you point out, this provision requires the "proceeds of any sale and any moneys forfeited or obtained by judgment or settlement" to be deposited in the prosecuting attorney's "asset forfeiture fund." Your question is whether the interest accruing on the funds in the interest-bearing account must also be transferred to the "asset forfeiture fund."
In my opinion the language of the statute is susceptible to more than one interpretation. An analysis of the actual language used is the first step in construction of the statute.
The relevant subsection requires the "proceeds" of any sale and any moneys forfeited or obtained by judgment or settlement to be transferred to the asset forfeiture fund. Clearly, the word "proceeds" modifies at least the word "sale" in this sentence. "Proceeds" are generally defined as "something that results or accrues" and "the total amount derived from a sale or other transaction." Random House Webster's UnabridgedDictionary (2nd Ed. 1998) at 1542. Clearly, therefore, the "proceeds" resulting from a sale of forfeited property are deposited in the asset forfeiture fund. In my opinion the "proceeds" of the sale would also include the interest accruing on the funds derived from the sale. The word "proceeds" can also include accrued interest. See Meyer v.Eichenbaum, 197 Ark. 650, 124 S.W.2d 830 (1939) (the word "proceeds" indicates income or interest unless the context indicates a different meaning).
The statute also applies, however, to "moneys forfeited" which do not result from a "sale" of forfeited property. Does the word "proceeds" also modify the later words "of . . . any moneys forfeited or obtained by judgment or settlement?" If so, the statute would in my opinion require the accumulated interest on such moneys to be transferred as well to the asset forfeiture fund. Interest on the money would be a part of the "proceeds" of the forfeited money. Id. There is in my opinion no clear evidence as to the proper construction of this sentence. Ordinarily a general rule of statutory construction is that referential and qualifying words, where no contrary intention appears, refer solely to the last antecedent. McCoy v. Walker, 317 Ark. 86, 876 S.W.2d 252 (1994). Where the sense of the entire act requires that a qualifying word or phrase apply to several preceding or even succeeding sections, however, the word or phrase will not be restricted to its immediate antecedent. Sutherland, Statutory Construction § 47.33 (5th Ed.).
In addition, the primary rule in construing statutes is to give effect to the intention of the legislature. See e.g., Vanderpool v. Fidelity Casualty Ins. Co., 327 Ark. 123, 847 S.W.2d 707 (1997); and Thomas v.Cornell, 316 Ark. 366, 872 S.W.2d 370 (1994). The ultimate question for resolution in this regard is whether the legislature intended the seizing law enforcement agency to retain the benefit of interest accruing during pendency of the forfeiture action, or whether it intended that the interest on such funds flow into the "asset forfeiture fund" and ultimately be distributed, after proper deductions, just as principal, proportionally to the contributing local, state, or prosecutorial agencies. In my opinion the legislative scheme could benefit from clarification on this point. Absent such clarification, and absent any controlling order of the circuit judge in a particular case, it is my opinion that upon an order of forfeiture, the accrued interest should be transferred along with the principal into the asset forfeiture fund.
Two factors support this conclusion. First, Section 1 of Act 1120 of 1999, amending A.C.A. § 5-64-505 is entitled "Legislative intent." A part of this section states that: "In order to alleviate the problems resulting from the lack of uniformity and accountability, the General Assembly has determined that time limits for initiating forfeiture proceedings and stricter controls over forfeited property will help alleviate such problems. . . ." See § 5-64-505 (Publisher's Notes). Although the statute does not address the disposition of interest, there is in my opinion a general legislative purpose to channel all forfeited proceeds through the prosecuting attorney's "asset forfeiture fund." This fund is under the control of the state prosecuting attorney and is subject to audit by the Division of Legislative Audit. A.C.A. § 5-64-505
(i)(B). These provisions further the legislative purpose of uniformity and accountability. In my opinion the inclusion of interest in the amounts to be transferred to the "asset forfeiture fund" is consistent with this legislative purpose.
Second, there is a general proposition that unless lawfully separated therefrom, accrued interest on public funds becomes an accretion to the principal and may be used for the purposes for which the principal may be used. Miles v. Gordon, 234 Ark. 525, 353 S.W.2d 157 (1962). See alsoHartwick v. Thorne, 300 Ark. 502, 780 S.W.2d 531 (1989) and Mears v.Little Rock School District, 268 Ark. 30, 593 S.W.2d 43 (1980). Although the Arkansas Supreme Court has to date only applied this principle in the context of tax funds, previous Attorney General Opinions have applied the concept with regard to public funds other than taxes. See Op. Att'y Gen.89-339 (applying the rule with regard to interest on Adult Probation Supervision Fees). There is no statute in this instance authorizing the separation of the interest on these funds from the principal.[1] In accordance with the general rule, therefore, it appears that the interest should, as you say, "follow the principal" into the "asset forfeiture fund."[2] It is therefore my opinion that the answer to your first question is "yes."
Question 2 — If the money is not forfeited, would the interest follow theprincipal and be returned to the owner?
Again, the legislative scheme does not address this question. It is my opinion, however, assuming there is no contrary order of the circuit court, that the answer to this question is "yes."
Section 5-64-505(g)(5)(B) provides that: "However, if the court determines either that the prosecuting attorney has failed to establish that such grounds exist or that the owner or interest holder has established a defense to forfeiture, the court shall order that the property be immediately returned to the owner or interest holder." This subsection does not address the return of accumulated interest to the owner upon the court's order. In my opinion, however, consistent with the discussion above, and consistent with the principles applicable to the award of pre-judgment interest, the accumulated interest should be returned to the owner under the circumstances you describe. Seegenerally, as to pre-judgment interest, Ozarks Unlimited Resources Co-opInc. v. Daniels, 333 Ark. 214, 969 S.W.2d 169 (1998) and TB ofBlytheville v. Little Rock Sign Emblem, 328 Ark. 688, 946 S.W.2d 930
(1997) (citing Wooten v. McClendon, 272 Ark. 61, 612 S.W.2d 105 (1981)). It is therefore my opinion that the answer to your second question is also "yes."
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] The legislature would presumably have power to adopt such a statute in this instance. Where the interest arises on tax monies levied for a particular purpose, however, it appears the legislature may be powerless, as a constitutional matter, to separate the interest from the principal.Cf. Hartwick v. Thorne, supra and Mears v. City of Little Rock. Because the questions you pose involve sums forfeited by individuals in connection with criminal proceedings and not tax monies, it appears the legislature could, if it chose, separate the interest from the principal in this instance.
[2] This conclusion may seem at odds with the one I reached in Opinion99-366 with regard to the amounts required to be transferred to the State Crime Lab Equipment Fund under A.C.A. § 5-64-505 (i)(1)(A)(2). That subsection states that once the initial $20,000 threshold per county is reached "twenty percent (20%) of the proceeds of any additional sale and any additional moneys forfeited or obtained by judgment or settlement under this chapter in the same calendar year shall be deposited into the State Treasury as special revenues to be credited to the Crime Lab Equipment Fund and the remainder shall be deposited in the asset forfeiture fund of the prosecuting attorney." I noted in passing in Opinion 99-366 that this language "appears to require the local authorities to transmit only twenty percent of the actual `moneys forfeited.' It does not appear to contemplate that any interest on this amount will be forwarded to the State Crime Lab Equipment Fund." Op. Att'y Gen. 99-366 at 4. This conclusion, however, which was based upon the particular wording of that subsection which imposed a twenty percent split for the State Treasury and the "remainder" to the asset forfeiture fund, does not give full effect to the rule in Miles v. Gordon and does not place enough emphasis on the use of the word "proceeds" in the statute. The subsection states that twenty percent of the "proceeds" of any additional sale and any additional moneys forfeited shall be deposited in the Crime Lab Fund. "Proceeds" are generally defined as "something that results or accrues" and "the total amount derived from a sale or other transaction." Random House Webster's Unabridged Dictionary
(2nd Ed. 1998) at 1542. See also, Meyer v. Eichenbaum, 197 Ark. 650,124 S.W.2d 830 (1939) (the word "proceeds" indicates income or interest unless the context indicates a different meaning). Upon review of this conclusion in Opinion 99-366, it appears that the language may indeed support a transfer of accumulated interest to the State Crime Lab Equipment Fund. Opinion 99-366 is superseded to the extent it conflicts with this Opinion.